LEHAN, Judge.
Thomas Dominic Spaziano brings this appeal from a conviction and sentence for attempted first-degree murder following the trial court’s denial of his motion for judgment of acquittal and a jury verdict of guilty. He contends that there was a lack of sufficient evidence that he acted pursuant to a premeditated design when he shot the victim. We disagree, however, and affirm.
In our judgment there was sufficient evidence from which the jury could have found premeditation. The state presented evidence of the defendant having pointed a gun at the intended victim’s head and thereby forcing the victim out of a car for the purpose of robbery, as well as testimony that defendant continued to point the gun at the victim while forcing the victim to empty his pockets, continued brandishment by defendant of the gun and pointing it at the victim’s head while forcing the victim to drive elsewhere for the purpose of getting more of the victim’s money. Furthermore, defendant fired six shots into the victim’s hip, chest, stomach, elbow, and shoulder when the victim slammed on brakes, and swerved the car over a median strip and grabbed for appellant’s gun. Also, there was evidence that the shots formed a pattern in the victim’s body beginning at the victim’s hip and thereafter moving up.
[W]hen Appellant moved for an acquittal, he admitted the facts adduced in evidence and every conclusion favorable to the Ap-pellee which is fairly and reasonably in-ferable therefrom .... [Pjremeditation may be established by circumstantial evidence ....
Spinkellink v. State, 313 So.2d 666, 670 (Fla.1975).
*1202 There was evidence that the shooting, consisting of shots fired rapidly after the victim had grabbed for the gun, had occurred immediately after the victim braked and swerved the car near a police station.
We recognize that a sudden, impulsive act may be committed under circumstances showing lack of premeditation. But we cannot say, with all inferences taken against defendant, that the evidence considered by the jury was consistent with “any reasonable exculpatory hypothesis as to the existence of premeditation” as in Hall v. State, 403 So.2d 1319 (Fla.1981).
Accordingly, we affirm the judgment and sentence of attempted first degree murder.
AFFIRMED.
GRIMES, A.C.J., and SCHEB, J., concur.