403 So.2d 1319 (1981)
Freddie Lee HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 54423.
Supreme Court of Florida.
July 16, 1981.
Rehearing Denied October 15, 1981.
Morton D. Aulls and H.D. Robuck, Jr., Tavares, for appellant.
*1320 Jim Smith, Atty. Gen., and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Freddie Lee Hall, along with Mack Ruffin, was indicted for the murder of Deputy Sheriff Lonnie Coburn. Hall was convicted and sentenced to death,[1] and he appeals both the conviction and sentence. We have jurisdiction.[2]
Hall contends that the conviction cannot stand because the evidence of guilt is circumstantial and does not preclude every reasonable hypothesis of innocence. He also contends that there is no evidence, other than conjecture, of premeditation. Although we disagree with his first contention, we agree with the second and direct the trial judge to reduce the conviction to second-degree murder.
On the evening of February 21, 1978, Hall and Ruffin walked into a Shop & Go store in Ridge Manor, Hernando County. Rather than using the usual parking area in front of the store, they had parked their car in a field at the side of the store. Once in the store, their conduct aroused the suspicions of the clerk, who called the sheriff's substation located across the street. After spending some time in the store and buying several items, Hall and Ruffin left the store. In the meantime Deputy Sheriff Coburn had driven into the parking lot behind the store.
A woman and her daughter provided the only direct evidence of what occurred next. All either could say, however, was that she saw Hall and Ruffin approach the deputy, who carried a shotgun, and that, as they approached, one of the defendants put a bag on the ground. No one saw the deputy shot. When he was found, his service revolver was missing, but a pistol of then-unknown significance lay beneath his body.
The two men fled the scene in the car they had driven to the store. They were spotted by a deputy sheriff a short time later, and shots were exchanged during the ensuing chase. Hall and Ruffin abandoned the car and later that night were apprehended some distance from it. Deputy Coburn's pistol was found in the car.
At trial the state did not prove who did the actual shooting, but instead based its case on the theory that either Hall or Ruffin shot Coburn and the other helped. To substantiate this theory the prosecution presented evidence of the abduction, rape, and shooting of Karol Hurst which occurred shortly prior to Coburn's death. The weapon used in the Hurst murder was the one found under Coburn's body, while Coburn's gun was found in the car in which Hall and Ruffin fled from the scene of the Coburn slaying. That car was owned by Hurst. Groceries purchased by Mrs. Hurst just before her abduction were found in both the getaway car and near Ruffin's car.
These facts are sufficient to demonstrate beyond a reasonable doubt that the two men engaged in a common criminal scheme. As such each was a principal to the death, and the fact that the state did not prove which of the two fired on Coburn does not necessitate either's acquittal. By actively operating together each was guilty of the acts of the other. Foxworth v. State, 267 So.2d 647 (Fla. 1972), cert. denied, 411 U.S. 987, 93 S.Ct. 2276, 36 L.Ed.2d 965 (1973); Pope v. State, 84 Fla. 428, 94 So. 865 (1922). The evidence clearly demonstrates the guilt of each for Coburn's death.
Although it is clear that one of the men shot Coburn, the evidence presented is not sufficient to prove premeditation beyond a reasonable doubt. Coburn was wearing a bulletproof vest, but the sides of the vest were open. He was shot through the opening in the vest with his own gun from a distance, as opined by one expert, of two to five feet. The evidence of the defendants' homicidal intent is subject to conflicting interpretations. One is that Hall or Ruffin seized Coburn's gun intending to kill him, took aim, and fired. If this were true, then *1321 this killing was premeditated. There are other interpretations, one of which is that Coburn struggled with one or both of the defendants until either Hall or Ruffin pulled the trigger without intending to kill. If this were true, then the killing was not premeditated.
To prove a fact by circumstantial evidence, the circumstances must be inconsistent with any reasonable hypothesis of innocence. McArthur v. State, 351 So.2d 972 (Fla. 1977); Davis v. State, 90 So.2d 629 (Fla. 1956). While the circumstantial evidence in this case is inconsistent with any reasonable hypothesis of innocence as to the homicide of Deputy Coburn, it is not inconsistent with any reasonable exculpatory hypothesis as to the existence of premeditation. Therefore, the evidence is insufficient to prove premeditation, and the conviction for first-degree murder is reversed. We do find, however, sufficient evidence to sustain a conviction of second-degree murder.[3]
In accordance with section 924.34, Florida Statutes (1979), this case is remanded to the trial court with instructions to enter a judgment and sentence for second-degree murder.
It is so ordered.
SUNDBERG, C.J., and OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
BOYD, J., dissents with an opinion in which ADKINS, J., concurs.
BOYD, Justice, dissenting.
I respectfully dissent to the majority opinion. My review of the record reveals that there was competent, substantial evidence upon which the jury could have based the conclusion that both Hall and Ruffin were equally guilty, as joint perpetrators, of premeditated murder, regardless of which one actually fired the bullet that killed Officer Coburn.
Hall and Ruffin, as joint perpetrators, kidnapped, raped, robbed, and murdered Karol Hurst. They also stole her car and intended to use it in their planned convenience store robbery. When they decided to abandon their robbery plan and were leaving the store, they were confronted by Officer Coburn. This confrontation took place on the side of the store where they had parked Karol Hurst's car. Hall and Ruffin at this point shared a mutual interest in avoiding arrest and conviction for the crimes they had perpetrated against Karol Hurst.
Deputy Coburn was wearing a bullet-proof vest which, because of gaps under the arms, left those areas unprotected. He was armed with a shotgun and a .357 Magnum revolver. Hall and Ruffin were armed with the pistol they had used to kill Karol Hurst.
Deputy Coburn died from a bullet wound inflicted with his own revolver. The bullet entered through one of the gaps in the underarm area, left unprotected by the bullet-proof jacket. The jury could infer from the evidence that Hall and Ruffin together physically overpowered the officer, took his revolver, and shot him to death at close range. The circumstantial evidence is not consistent with any reasonable hypothesis of a lack of premeditation on the part of the appellant, so McArthur v. State, 351 So.2d 972 (Fla. 1977), and Davis v. State, 90 So.2d 629 (Fla. 1956), are inapplicable.
ADKINS, J., concurs.
NOTES
[1] Ruffin was also convicted but was sentenced to life imprisonment.
[2] Art. V, § 3(b)(1), Fla. Const.
[3] We have considered the other points raised on appeal and find no reversible error.