420 So.2d 591 (1982)
Mack RUFFIN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 62631.
Supreme Court of Florida.
September 29, 1982.
David Rubman, Bartow, and Asa D. Sokolow, Renee J. Roberts, Edward S. Kornreich and Elizabeth Shollenberger, New York City, for appellant.
*592 Jim Smith, Atty. Gen., and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Mack C. Ruffin appeals an order of the trial court denying his motions to vacate his judgment and sentence of death, for the appointment of an investigator and a psychiatrist, and for stay of execution. We affirm the thorough, well-reasoned order of the trial court entered by Circuit Judge John Booth, and we deny the motion for stay of execution.
Ruffin was convicted and sentenced to death for the first-degree murder of Karol Hurst who was twenty-one years old and seven months pregnant at the time she was murdered. She had been abducted by Ruffin and his accomplice Freddie Hall from a Pantry Pride grocery store parking lot and had been driven in her automobile to a secluded wooded area where Ruffin and Hall sexually abused her. She was pistol whipped on her neck, head, shoulder and body; was robbed of her pocketbook, wallet and checkbook; and was shot to death with a .38 caliber pistol in the back of the head while lying face down on the ground.
Ruffin appealed his convictions for first-degree murder and sexual battery and his sentence of death. This Court affirmed his convictions and death sentence. Ruffin v. State, 397 So.2d 277 (Fla. 1981). The Supreme Court of the United States denied certiorari. Ruffin v. Florida, 454 U.S. 882, 102 S.Ct. 368, 70 L.Ed.2d 194 (1981).
In June 1982, Ruffin filed motions to vacate his judgment and his death sentence, for the appointment of an investigator and psychiatrist and for discovery, and for stay of execution. On September 9, 1982, the governor signed a death warrant for the execution of Ruffin for the week of October 1-8, execution being set for October 6. After hearing, the trial court, in a detailed and explicit order addressing each of the points raised, denied Ruffin's motions.
The majority of the issues raised by Ruffin in his motion to vacate were issues raised and addressed in his direct appeal to this Court or which could have been raised in his first appeal and therefore are matters which will not support a collateral attack. Adams v. State, 380 So.2d 423 (Fla. 1980); Sullivan v. State, 372 So.2d 938 (Fla. 1979).
The remaining issues include, among others, Ruffin's assertion that he received ineffective assistance of counsel during the sentencing phase of his trial by his counsel's failure to call certain witnesses at the sentencing hearing. After an evidentiary hearing, the trial court, in its order denying postconviction relief, explained:
Defendant's next issue is the ineffective assistance of counsel at the sentencing hearing. The particular deficiency that Defendant points to is his trial counsel's failure to call certain witnesses.
At the hearing on September 15, 1982, the Attorneys who represented Ruffin in his trial, William Stone and Michael Kovack, were present on subpoena. The Defense was offered the opportunity to examine the trial attorneys as to why the decision to not call witnesses in the sentencing phase was made and the Defense declined to do so. This was at 11:15 A.M. and the Court then recessed until 2:00 P.M. to allow the Defense the opportunity to take the depositions of the trial counsel. Mr. Stone and Mr. Kovack were available for depositions between 11:15 A.M. and 2:00 P.M. At the resumption of the hearing at 2:00 P.M., the Defense announced that it had not interviewed the trial attorneys and did not intend to do so. The Court recessed at 2:15 P.M. to allow the Defense the opportunity to reconsider its position and to place the available live testimony of ineffective assistance of counsel before the Court. At 2:40 P.M., this Court reconvened. The Defense stated that it had conversed with Mr. Stone and Mr. Kovack and elected not to and declined to place any testimony including Defendant's before this Court on this issue. The Defense stated this would violate the attorney-client privilege. The State suggested that Ruffin himself state on the record that this *593 failure to call direct testimony was his decision. Defendant's Attorney objected to this procedure and this Court did not force Ruffin's direct statement.
The Defense's position is that the simple existence of the fact that the trial attorneys did not call live witnesses in phase two of the trial, demonstrates ineffectiveness in and of itself. This Court does not believe that this is the law of the State of Florida.
A somewhat analogous situation existed in Songer v. State, No. 59,852 [419 So.2d 1044] decided by the Florida Supreme Court on September 9, 1982 on a review of a denial of a Fla.R.Crim.Pro. 3.850 Motion. The issue was whether it was error on the part of trial counsel not to present an involuntary defense of intoxication. Justice James C. Adkins, Jr., speaking on behalf of the Court, stated:
Appellee responds, and we agree, that appellant's trial counsel avoided such testimony for tactical reasons, obviously did not believe that a voluntary intoxication defense would be effective, and probably feared the type of information which might be disclosed on cross-examination of the suggested witnesses. We will not use hindsight to second guess counsel's strategy, and so long as it was reasonably effective based on the totality of the circumstances, which it was, it cannot be faulted. See Meeks v. State, 382 So.2d 673 (Fla. 1980). That the strategy did not prove successful, from appellant's point of view, does not mean that the representation was inadequate.
Admittedly, trial counsel was called to testify in the Songer case, but at the hearing in this Case Defendant's attorney declined to call Defendant's trial attorneys to the witness stand and make inquiry as to the reasons for their trial strategy or tactics even though they were present, available and willing to so testify.
In this case mitigating factors about Defendant's background were presented via the Court ordered psychiatric report with no live testimony being taken. That method has the tactical benefit of precluding cross-examination of any potential live witnesses just as mentioned above in Songer v. State, supra.

In Meeks v. State, Florida Law Weekly Volume F No. 24, June 18, 1982, at page 281 [418 So.2d 987] [Case No. 59,958 (Fla. June 17, 1982)] the Florida Supreme Court affirmed the denial of a 3.850 motion. Similarly to this case, trial counsel who was allegedly ineffective was present and the defense declined to call him to explain his decisions at trial. The Court quoted the trial court:
Tactics and strategy of counsel at trial, just as tactics and strategy of counsel at the instant evidentiary hearing, are areas that the trial judge could frequently be tempted to question. The Court attempts to refrain from doing so lest it usurp counsel's role.
The undersigned finds that the failure of Defendant's Attorney at this hearing to place Defendant's trial counsel on the stand to testify were his trial tactics and strategy and accordingly will refrain from questioning or usurping counsel's role.
In addition, the undersigned finds that the Defense's bare allegations of ineffectiveness based on failure to call witnesses does not rise to the level of showing required by Knight v. State, 394 So.2d 997 (Fla. 1981), and Mauldin v. State, 382 So.2d 844 (Fla. 1st DCA 1980).
The undersigned has served as a trial judge for sixteen and one-half years, three as County Judge of Lake County and the past thirteen and one-half years as Circuit Judge of this Circuit primarily in Citrus, Sumter and Hernando Counties. During that time, Mr. William Stone, in his capacity as Assistant Public Defender in Sumter County and as privately retained counsel, and Mr. Michael Kovack, in his capacity as Assistant Public Defender in Citrus County and as privately retained counsel, have practiced before the undersigned extensively and have in all cases provided effective and competent representation when appointed *594 by the Court; further that each of said counsel have represented hundreds of criminal defendants before this court, several of them being first-degree murder cases and have been largely successful in their representation of their criminal clients. The undersigned has always found both to be well prepared, able, thorough, effective and competent attorneys.
The trial court correctly held that Ruffin failed to establish his ineffective assistance of counsel claim.
Ruffin also contends that his death sentence should be reversed because the trial court and jury considered his conviction for the first-degree murder of Deputy Coburn in support of the aggravating circumstance that the defendant was previously convicted of another capital felony or a felony involving the use or threat of violence to the person. Ruffin points to this Court's decision in Hall v. State, 403 So.2d 1319 (Fla. 1981), wherein this Court directed the trial court to reduce Hall's conviction for the murder of Deputy Coburn to second-degree murder since the evidence in Hall's trial was not sufficient to prove premeditation beyond a reasonable doubt. Hall's conviction and death sentence for the first-degree murder of Hurst was affirmed. Hall v. State, 403 So.2d 1321 (Fla. 1981). Ruffin maintains that since there was insufficient evidence to support Hall's first-degree murder conviction for the killing of Deputy Coburn, there was likewise insufficient evidence to support his conviction for first-degree murder. Therefore, he argues, the consideration of his aggravating factor in his case was erroneous, and he should receive a new sentencing hearing.
Ruffin received a life sentence for the murder of Deputy Coburn, and he appealed his conviction to the District Court of Appeal, Fifth District. The Fifth District affirmed his conviction, Ruffin v. State, 390 So.2d 841 (Fla. 5th DCA 1980), and he sought no further review. The State responds that Ruffin, at the present time, stands convicted of the first-degree murder of Coburn and that the reversal in Hall is of no immediate avail to Ruffin. The trial court found that Ruffin's conviction of first-degree murder of Coburn was affirmed on appeal and that regardless of whether Ruffin is convicted of first-degree murder or second-degree murder, it is still the same aggravating circumstance as was found by the trial judge in his sentencing order. We hold that the trial court was correct in this determination.
Ruffin also challenges the imposition of the death sentence in his case on the basis of the recent decision of the Supreme Court of the United States in Enmund v. Florida, ___ U.S. ___, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). The trial court properly rejected this argument and correctly found Enmund distinguishable and inapplicable to Ruffin's case because Enmund was not present at the scene nor did he intend a killing or anticipate the use of lethal force. The trial court explained in its order denying postconviction relief:
In contrast, Ruffin was present, he assisted codefendant Hall in the kidnapping of Karol Hurst, raped her along with his partner, knew that Hall was going to kill her and made no effort to interfere with the killing and then continued on the joint venture, utilizing Mrs. Hurst's vehicle to drive to the convenience store (the site of an intended robbery) where Deputy Coburn was murdered and Ruffin continued his partnership with Hall by firing a gun at pursuing Deputy Janes.
The evidence is abundantly clear and sufficient to demonstrate Ruffin's joint participation in the premeditated murder of Karol Hurst, and this is the distinction between this case and the Enmund's case and that case is therefore not applicable to this proceeding.
The Florida Supreme Court's affirmance of Petitioner's death sentence wherein this Defendant argued the aider and abettor issue precludes a re-challenge as is here attempted.
The trial court's distinctions are clearly supported by the record and this Court's decision affirming Ruffin's judgment and sentence for the Hurst murder.
*595 We likewise reject Ruffin's challenges to the constitutionality of Florida's death penalty statute.
Accordingly, since Ruffin has failed to demonstrate any meritorious grounds for relief, we affirm the trial court's order denying Ruffin's motions to vacate, to appoint an investigator and psychiatrist, and for stay of execution.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON and EHRLICH, JJ., concur.
McDONALD, J., dissents with an opinion.
McDONALD, Justice, dissenting.
This entire episode, culminating in the homicide of Mrs. Hurst and her unborn child, was a detestable abomination that clouds one's objectivity in determining whether Ruffin should be relieved of the death penalty imposed against him. Nevertheless, I felt in the original appeal  and for the additional reason that I believe that the United States Supreme Court opinion in Enmund v. Florida, ___ U.S. ___, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), applies to Ruffin  that as to Ruffin the death penalty is inappropriate. Ruffin was twenty-two years old, with no significant history of criminal conduct prior to the robbery-kidnap-slaying of Mrs. Hurst. While the record indicates that he had developed less than praiseworthy traits and willingly participated in the robbery, abduction, and rape of the victim, his uncontradicted statements claimed that he did not actively participate in the homicide. According to him, and this is not contradicted in his trial, the entire responsibility for the commission of the homicide belongs to his companion, Hall. There is no evidence that Ruffin took life, attempted to take life, or intended to take life. In Enmund the United States Supreme Court clearly declared that the death penalty is inappropriate for one not involved in the taking of a life.
Although the judgments of legislatures, juries and prosecutors weigh heavily in the balance, it is for us ultimately to judge whether the Eighth Amendment permits imposition of the death penalty on one such as Enmund who aids and abets a felony in the course of which a murder is committed by others but who does not himself kill, attempt to kill, or intend that a killing take place or that lethal force will be employed. We have concluded, along with most legislatures and juries, that it does not.
Id, at ___ 102 S.Ct. at 3376.
At best, Ruffin was a passive, as opposed to an active, participant. I think Enmund proscribes the death penalty for Ruffin. His sentence should be reduced to life imprisonment without eligibility for parole for twenty-five years.
In the alternative, I feel that Ruffin is entitled to a new sentencing proceeding because of ineffective assistance of counsel in that phase of the trial. His counsel presented no live evidence[*] in the sentencing proceeding despite a strong suspicion that Ruffin was under the domination of Freddie Hall and that his personal history has traits similar to those the United States Supreme Court felt appropriate in Eddings v. Oklahoma, ___ U.S. ___, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). There is no reason evident why any reasonable counsel would not have done this.
NOTES
[*] He did put in the record a psychiatrist's report which contained some history of the defendant.