420 So.2d 872 (1982)
Freddie Lee HALL, Appellant/Petitioner,
v.
STATE of Florida, Appellee/Respondent.
Nos. 62696, 62697.
Supreme Court of Florida.
October 5, 1982.
*873 Howard H. Babb, Jr., Public Defender and Jerry T. Lockett, Asst. Public Defender, Fifth Judicial Circuit, Tavares, for appellant/petitioner.
Jim Smith, Atty. Gen. and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee/respondent.
PER CURIAM.
Freddie Lee Hall appeals the trial court's denial of his motion to vacate, set aside, or correct his conviction and sentence, applies to this Court for a stay of execution, and petitions for a writ of habeas corpus. We affirm the trial court's denial and deny the petition for habeas corpus and application for stay of execution.
A jury convicted Hall of the first-degree murder of Karol Hurst and recommended that he be sentenced to death. The trial court followed that recommendation, and this Court affirmed both Hall's conviction and death sentence. Hall v. State, 403 So.2d 1321 (Fla. 1981).
On September 9, 1982 the governor signed Hall's death warrant, effective for the week of October 1 through 8, and the department of corrections scheduled his execution for October 6. The trial court, in response to Hall's claims that he had sought, but could not find, legal counsel, appointed the public defender to represent Hall for purposes of post-conviction relief. The trial court conducted a hearing on Hall's motion to vacate, set aside, or correct his judgment and sentence on September 30 and issued an order denying both that motion and Hall's application for a stay of execution on the following day. This detailed and conscientiously prepared order addresses each of the points raised and finds no merit to Hall's contentions.
Before this Court, Hall claims that the trial court improperly denied the motion to vacate and that the denial of his motion for a continuance on September 30 violates due process of law and access to the courts. In a separate petition for writ of habeas corpus, Hall claims ineffective assistance of counsel at the appellate level. We, like the trial court, find no merit to Hall's attacks on his conviction and sentence.
The majority of issues raised in the motion to vacate were raised on appeal. Most of the remaining issues could have been raised there. They are, therefore, not matters which will support a collateral attack. Adams v. State, 380 So.2d 423 (Fla. 1980); Sullivan v. State, 372 So.2d 938 (Fla. 1979). Several of the points raised, however, merit discussion.
Hall claims that he was not present during some of the jury selection and that his absence abrogated his fundamental constitutional rights. Francis v. State, 413 So.2d 1175 (Fla. 1982). The trial court found Francis distinguishable from the instant case. We agree. Hall was not present at the roll call of prospective jurors or at the general qualification of prospective jurors. He was, however, present at all critical stages of the proceedings and available to consult with his counsel.
Regarding sentencing errors, Hall claims that because we reduced his sentence for a later-in-time crime to second-degree murder, Hall v. State, 403 So.2d 1319 (Fla. 1981), that crime could not be used to show the aggravating circumstance of prior criminal history. We recently considered this point in denying a stay of execution for Hall's codefendant, Mack Ruffin. Ruffin v. *874 State, 420 So.2d 591, Case No. 62,631 (Fla. Sept. 29, 1982). As pointed out by the trial court, the reduced conviction still meets the criteria for finding past criminal history in aggravation. Additionally, Hall had also been convicted previously of an unrelated assault with intent to commit rape. The trial court is correct in concluding that, had we found that the reduction in the degree of homicide affected the death penalty in the instant case, we would have said so in our prior opinion.
Citing Enmund v. Florida, ___ U.S. ___, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), Hall claims that the death penalty cannot be imposed because he did not actually and intentionally kill the victim. In Enmund the Supreme Court held that Florida's death penalty statute cannot be applied to one who did not kill, attempt to kill, intend to kill, or intend that lethal force be used. We agree with the trial court that Enmund is distinguishable from the instant case. Hall provided the weapon used to kill Mrs. Hurst and was present at her death. Additionally, Enmund was an aider and abettor only to the underlying felony. Hall, on the other hand, was an aider and abettor to the homicide as well as the underlying felony. There is no doubt in the Court's mind that Hall intended Mrs. Hurst's death.
Hall presented the trial court with numerous other points regarding his sentencing proceeding. As did the trial court, we find no merit to them. Nothing urged would remotely affect the conviction or sentence in this case. At the worst, these claims point to alleged shortcomings by trial and appellate counsel.
Hall had two attorneys at trial, and these attorneys also represented him on appeal. In his order denying the motion to vacate, the trial court recited his familiarity with these attorneys' work both in this case and in general. He "has always found both men to be well prepared, able, thorough, effective and competent attorneys." Although available at the hearing, Hall did not choose to question them regarding their alleged incompetency, instead, evidently, choosing to let a cold record speak for itself.
Almost any attorney, including the one who conducted the trial, can look at a prior trial and point to things which could have been done differently; hindsight makes all of us better advocates. A defendant is assured of a fair trial, not a perfect one. Despite Hall's contentions, we can find nothing in the record to support his claim of ineffective assistance of counsel.
Additionally, we find the denial of the continuance of these proceedings to have been proper. Hall's current counsel notes that he had only fourteen days between his appointment and the scheduled execution and expresses his concern that Hall's right to due process and access to the courts might be adversely affected by time constraints.
In the legal profession, as in many other facets of life, it is not the amount of time that one spends on something that counts, but, rather, the quality of what one accomplishes with the time available. Hall's counsel has used his fourteen days well, and we commend him for the effort he has expended in representing his client and for the diligence with which he has pursued the task appointed to him. We find that Hall's rights have been well protected and that Hall has been served thoroughly.
The trial court's denial of the motion to vacate is affirmed, and the petition for writ of habeas corpus is denied. The application for stay of execution is denied.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.