461 So.2d 109 (1984)
Mack RUFFIN, Jr., Petitioner,
v.
Louie L. WAINWRIGHT, Secretary, Florida Department of Offender Rehabilitation, and Richard Dugger, Superintendent, Florida State Prison at Starke, Florida, Respondents.
No. 65117.
Supreme Court of Florida.
December 20, 1984.
Asa D. Sokolow, Edward S. Kornreich, Richard L. Claman, Regina Harrison, Susan L. Arinaga and Naomi G. Litvin, New York City, and Joyce Davis, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for respondents.
ALDERMAN, Justice.
Mack Ruffin has filed a petition for writ of habeas corpus alleging that he was denied *110 effective assistance of appellate counsel. We deny this petition.
Ruffin was convicted and sentenced to death for the first-degree murder of Karol Hurst who was twenty-one years old and seven months pregnant at the time she was murdered. Ruffin and his accomplice abducted her from a Pantry Pride parking lot, drove her to a secluded wooded area, sexually abused her, pistol whipped her on her neck, head, shoulder, and body, robbed her, and then shot her in the back of the head while she was lying face down on the ground.
On appeal of his convictions for first-degree murder and sexual battery and of his sentence of death, we affirmed his convictions and death sentence. We found to be without merit his arguments that the trial court erred in refusing to grant a mistrial because of prosecutorial comments made during closing argument and because the court failed to poll the jury relative to whether they had seen a particular newspaper headline; that the trial court erred in allowing evidence of other crimes; that the trial court erred in finding as an aggravating factor that the murder occurred during the course of a kidnapping and robbery because he was not on notice that these offenses would be considered and because he was not tried for these offenses; that the trial court erroneously considered his conviction for murder of Deputy Coburn as an aggravating factor; that the trial court erred in failing to consider and weigh the mitigating circumstance of no prior significant criminal activity; that the trial court erred in not considering and weighing as a mitigating factor that Ruffin's participation was minor and that he acted under Hall's domination; that the trial court erred in not finding Ruffin's dull normal intelligence to be a mitigating factor; that his sentence amounts to cruel and unusual punishment; and that the trial court erroneously limited the jury to consideration of statutorily enumerated mitigating circumstances. Ruffin v. State, 397 So.2d 277 (Fla. 1981). The Supreme Court of the United States denied certiorari. Ruffin v. Florida, 454 U.S. 882, 102 S.Ct. 368, 70 L.Ed.2d 194 (1981).
In June 1982, he filed a motion under Florida Rule of Criminal Procedure 3.850 to vacate his judgment and death sentence. He alleged that the trial court erred in considering his first-degree murder conviction of Deputy Coburn as an aggravating factor; that Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), precluded a death sentence in his case; that he was denied a fair trial by prosecutorial comments made during closing argument; that the mitigating and aggravating circumstances were not fairly and properly presented to the jury; that introduction of evidence of Deputy Coburn's murder prejudiced Ruffin; that he was denied his sixth and fourteenth amendment rights by the jury's alleged consideration of a newspaper headline; that he was denied due process by being indicted by a grand jury and convicted by a petit jury which had an under-representation of blacks and women; that his allegedly involuntary confession was erroneously allowed into evidence; that Florida's death penalty process is unconstitutional; that he was denied due process because the jury in the guilt phase was the same jury rendering the advisory recommendation as to sentence; and that he received ineffective assistance of trial counsel.
In September 1982, before the trial court had ruled, the Governor of Florida signed a warrant for Ruffin's execution. Then, after hearing, the trial court denied Ruffin's motions and explicitly detailed its reasons for denial. We affirmed the denial of his motions, and we denied Ruffin's motion for stay of execution. Ruffin v. State, 420 So.2d 591 (Fla. 1982).
He then filed a petition for writ of habeas corpus with the federal district court. Because he raised a claim of ineffective assistance of appellate counsel, the federal court abated the proceedings until we could rule on his petition for writ of habeas corpus raising the issue of ineffective assistance of appellate counsel.
*111 Ruffin now contends that he was denied effective assistance of counsel in his direct appeal to this Court because his appellate counsel failed to raise several issues which he alleges are substantial. He contends that each omission fell measurably below the standard of competent counsel.
He states that his appellate counsel failed to argue that the prosecutor, in his closing argument, misstated the law as to aiding and abetting, commented on Ruffin's appearance and lifestyle, vouched for his case, gave unsworn testimony, and precluded a fair determination of Ruffin's guilt, and that his appellate counsel failed to develop the serious problems relative to the aggravating and mitigating factors. As to this latter contention, he argues that the charge to the jury with regard to the weighing of aggravating and mitigating factors was defective. He further contends that despite his trial counsel's failure to present evidence of certain mitigating factors, his appellate counsel should have argued the existence of these other factors on appeal; that his appellate counsel failed to argue that the trial court, in finding the murder heinous, atrocious, or cruel, imposed upon Ruffin the responsibility of Hall's actions; and that his appellate counsel should have argued that the definitions of various aggravating and mitigating factors were vague and indefinite. He contends that his appellate counsel was ineffective for failing to argue that the juries that indicted and convicted him were not selected from a fair cross section of the community, for failing to challenge the prosecutor's use of peremptory challenges, for failing to argue that the death penalty process was unconstitutional in Florida, and for failing to challenge the introduction of his confession to the crime of rape.
The majority of the omissions alleged by Ruffin relate to matters which appellate counsel was procedurally precluded from raising on appeal. Appellate counsel cannot be considered incompetent or ineffective for failing to raise issues which he was procedurally barred from raising because they were not properly presented at trial. Jacobs v. Wainwright, 450 So.2d 200 (Fla. 1984); Jackson v. State, Jackson v. Wainwright, 452 So.2d 533 (Fla. 1984). Moreover, none of the alleged omissions constitute fundamental error which could be raised on direct appeal without their having been raised in the trial court. Others relate to points which appellate counsel did raise on appeal and which were considered by this Court.
That appellate counsel could have but did not challenge the voluntariness of Ruffin's confession does not constitute a deficiency falling below prevailing professional norms. Smith v. State; Smith v. Wainwright, 457 So.2d 1380 (Fla. 1984). We have consistently held that competent counsel need not raise every conceivable claim. If there is no chance of convincingly arguing a particular issue, then appellate counsel's failure to raise that issue is not a substantive and serious deficiency. Engle v. Issac, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); Jacobs v. Wainwright; McCrae v. Wainwright, 439 So.2d 868 (Fla. 1983); Francois v. State, 423 So.2d 357 (Fla. 1982). In Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 3313-14, 77 L.Ed.2d 987 (1983), the Supreme Court of the United States recently said:
There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review. This has assumed a greater importance in an era when oral argument is strictly limited in most courts  often to as little as 15 minutes  and when page limits on briefs are widely imposed. See, e.g., Fed.Rules App. Proc. 28(g); McKinney's 1982 New York Rules of Court §§ 670.17(g)(2), 670.22. Even in a court that imposes no time or page limits, however, the new per se rule laid down by the Court of Appeals is contrary to all experience and logic. A brief that raises every colorable issue runs the risk of burying good arguments  those that, in the words of the great advocate John W. Davis, "go for the jugular," Davis, The Argument of *112 an Appeal, 26 A.B.A.J. 895, 897 (1940)  in a verbal mound made up of strong and weak contentions. See generally, e.g., Godbold, Twenty Pages and Twenty Minutes  Effective Advocacy on Appeal, 30 S.W.L.J. 801 (1976).
... For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies Anders. Nothing in the Constitution or our interpretation of that document requires such a standard. (Footnotes omitted.)
Here, in light of the record, Ruffin's appellate counsel could not have effectively and convincingly argued the issue of voluntariness of his confession.
Further, appellate counsel's failure to raise certain arguments relating to the constitutionality of Florida's death penalty statute does not constitute a deficiency below that of competent counsel where we have previously repeatedly rejected these claims. Moreover, we note that in his appeal of his rule 3.850 motion, Ruffin raised similar challenges to the constitutionality of Florida's death penalty statute, which challenges we rejected. Ruffin v. State, 420 So.2d 591 (Fla. 1982). Ruffin has failed to demonstrate that his appellate counsel's performance fell short of prevailing professional norms or was substantially deficient under the circumstances. Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Knight v. State, 394 So.2d 997 (Fla. 1981).
Accordingly, we hold that petitioner is not entitled to relief and deny his petition for writ of habeas corpus.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.