498 So.2d 857 (1986)
Allen Lee DAVIS, Petitioner,
v.
Louie L. WAINWRIGHT, etc., et al., Respondents.
No. 69356.
Supreme Court of Florida.
September 22, 1986.
Opinion October 30, 1986.
Rehearing Denied January 5, 1987.
Larry Helm Spalding, Capital Collateral Representative, and Mark E. Olive, Litigation Coordinator, Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., and Gregory G. Costas, Andrea Smith Hillyer and Raymond L. Marky, Asst. Attys. Gen., Tallahassee, for respondents.
*858 The Petition for Extraordinary Relief, for a Writ of Habeas Corpus is denied. The Request for Stay of Execution and Application for Stay of Execution Pending Disposition of Petition for Writ of Certiorari in the U.S. Supreme Court are denied.
The Court will file an opinion at a later date setting forth its reasons for the denial of the Petition.
No Motion for Rehearing will be entertained by the Court.
McDONALD, C.J., and ADKINS, BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
BARKETT, J., dissents and would grant the Request for Stay of Execution.
PER CURIAM.
Allen Lee Davis, a state prisoner for whom a death warrant has been signed, petitions this Court for a writ of habeas corpus and requests a stay of execution. We have jurisdiction, article V, section 3(b)(9), Florida Constitution, and deny the requested relief.[*]
In his first five points Davis claims that his appellate counsel rendered ineffective assistance. We find no merit to these claims.
Davis argues that his counsel should have attacked the propriety of his death sentences. Appellate counsel usually does so, but in this case counsel made a tactical decision to concentrate on Davis' convictions, rather than his sentences. We recognized this and reviewed the imposition of the death sentences on our own as statute requires that we do. Davis v. State, 461 So.2d 67 (Fla. 1984), cert. denied, ___ U.S. ___, 105 S.Ct. 3540, 87 L.Ed.2d 663 (1985); § 921.141, Fla. Stat. (1985). Davis has demonstrated no substandard performance in these circumstances or any prejudice. See Maxwell v. Wainwright, 490 So.2d 927 (Fla. 1986).
The trial court, the state attorney's office, and defense counsel received copies of letters from the victims' family and friends urging the death penalty. Davis now contends that appellate counsel should have attacked the receipt of these letters. Trial counsel, however, did not object to the letters, and there is absolutely no indication that the trial court relied on them in sentencing Davis. The instant claim is mere speculation and cannot be used to attack appellate counsel's performance. See Funchess v. Wainwright, 486 So.2d 592 (Fla. 1986); Steinhorst v. Wainwright, 477 So.2d 537 (Fla. 1985).
Davis also argues that the trial court improperly used nonrecord reports, both psychiatric and neurological, in sentencing and that appellate counsel erred by not bringing this issue to our attention. Simply reading the sentencing order, however, dispels this claim. The trial court held that no evidence had been presented to show that Davis was under the influence of extreme mental or emotional disturbance. § 921.141(6)(b), Fla. Stat. (1985). The mention of Davis' visits to a psychiatrist is obviously a reference to the record because orders for his transportation had to be signed, but, just as obviously, leads to the conclusion that, if those visits had produced mitigating evidence, it would have been introduced. Any reports generated by those visits were exclusive to the defense, and there is nothing to support Davis' current contention that the trial court improperly relied on any such reports.
Regarding the neurological report, Davis claims that it was filed on May 10, 1983. This is incorrect. The neurological report was filed with the court on March 10, 1983 (trial transcript, page 279), and, although the trial court entered its findings on March 2, 1983, the transcript of the sentencing hearing shows the court mentioning that report (dated January 14, 1983). We see the filing of the report in the official records eight days after sentence as merely "housekeeping." The neurological examination was not restricted to the defense's use, trial counsel did not object at sentencing, and the trial court merely mentioned *859 that the report indicated no abnormalities. We see no way that appellate counsel's failure to raise this issue prejudiced Davis.
As with the two previous claims, the contemporaneous objection rule controls the issue that appellate counsel should have argued that the state impermissibly commented on Davis' right not to testify at trial. Trial counsel did not object to the comments complained about now, making them not cognizable on appeal. Ruffin v. Wainwright, 461 So.2d 109 (Fla. 1984); Clark v. State, 363 So.2d 331 (Fla. 1978).
Davis also claims that, because trial counsel listed the motion to suppress in the notice of judicial acts to be reviewed, appellate counsel was ineffective for not challenging the denial of the motion to suppress. As noted before, appellate counsel made tactical choices in what to present to this Court. That counsel could have, but did not, challenge the voluntariness of a statement "does not constitute a deficiency falling below prevailing professional norms." Ruffin, 461 So.2d at 111. Counsel need not raise every conceivable claim, id., and appellate counsel could have reasonably concluded that the point had no merit.
Davis has, therefore, failed to meet the test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires a showing of both deficient performance by counsel and prejudice caused by that deficient performance. We find no merit to his ineffectiveness of appellate counsel claims.
As his last claim, Davis argues that the death penalty is imposed in a racially discriminatory manner. Because the United States Supreme Court has granted review on this issue (McCleskey v. Kemp, 106 S.Ct. 3331 (July 7, 1986), and Hitchcock v. Wainwright, 106 S.Ct. 2888 (June 9, 1986)), Davis urges that we reconsider the issue or hold this case until McCleskey and Hitchcock are resolved. We refuse to do either. Because this issue is properly raised in the trial court by a Florida Rule of Criminal Procedure 3.850 motion, Davis is procedurally barred from raising it in this habeas corpus petition. Stewart v. Wainwright, 494 So.2d 489 (Fla. Sept. 25, 1986).
We therefore deny the requested relief.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, OVERTON and EHRLICH, JJ., concur.
SHAW and BARKETT, JJ., concur in result only.
NOTES
[*] The United States Supreme Court stayed Davis' execution on Sept. 23, 1986.