589 So.2d 403 (1991)
Mack C. RUFFIN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 90-2495.
District Court of Appeal of Florida, Fifth District.
November 14, 1991.
Rehearing Denied December 6, 1991.
James B. Gibson, Public Defender, and Noel A. Pelella, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca R. Wall, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
In July 1978, Mack C. Ruffin, Jr. was convicted in Sumter County of first degree murder and sexual battery. The convictions arose from the sexual assault and murder of a 21 year old pregnant woman, Karol Hurst.[1] Ruffin was sentenced to death on the murder conviction and a thirty year concurrent term on the sexual battery. He appealed both sentences to the Florida Supreme Court and both sentences were affirmed.[2] He then applied to the United States Supreme Court for a writ of certiorari, which was denied.[3] Again in state court, he filed a 3.850 motion to set aside his convictions which was denied. The Florida Supreme Court affirmed.[4] He later applied to the Florida Supreme Court for a writ of habeas corpus, but was unsuccessful.[5]
Ruffin then brought an action in the federal district court for habeas corpus relief, challenging both his murder and sexual assault convictions. The district court refused to issue the writ and he appealed *404 to the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit found no error in the convictions, but found error as to the death sentence and remanded the case to the district court with instructions to grant the writ unless the state either resentenced appellant on the murder conviction, or vacated the death sentence and imposed a lesser sentence.[6] On February 20, 1989, the United States District Court for the Middle District of Florida ordered the trial court to resentence appellant within 90 days as to the murder sentence.
A retrial of the murder conviction penalty phase was then conducted, in which the jury recommended life imprisonment. On October 19, 1990, the court sentenced appellant to life (25 years minimum mandatory) to run consecutive to any other sentences. The trial court vacated the original 30 year concurrent sentence for sexual battery (not required by the Eleventh Circuit decision) and resentenced appellant to a life term to be served consecutive to the earlier life sentence and any other active sentences. Ruffin again appeals.
He argues that the trial court lacked jurisdiction to modify and increase his sexual battery sentence because it was not properly before the court and that such a modification violates double jeopardy. The state argues that the trial court had the authority to modify the sentence within sixty days from the mandate issued by the federal court under the provisions of Rule 3.800(b) Florida Rules of Criminal Procedure. We find, however, that Rule 3.800(b) may not be used to increase a legal sentence after it has commenced.
Once a person begins serving a lawfully imposed sentence, he may not thereafter be resentenced for an increased term of incarceration. Donald v. State, 562 So.2d 792 (Fla. 1st DCA 1990), rev. denied, 576 So.2d 291 (Fla. 1991). In Royal v. State, 389 So.2d 696 (Fla. 2nd DCA 1980), the Second District held that where the original five year sentence for a defendant convicted of third degree murder was a legal sentence, the trial court erred in resentencing defendant to 15 years. See also Wilhelm v. State, 543 So.2d 434 (Fla. 2nd DCA 1989) (motion to correct illegal sentences, made approximately one year after sentencing, did not give trial court authority to modify legal sentences that had been rendered on other counts); McKinley v. State, 519 So.2d 1154 (Fla. 5th DCA 1988) (resentencing defendant for both attempted murder and forgery, upon remand from appeal of attempted murder sentence, was error in that forgery conviction was unaffected by appeal); Kelly v. State, 508 So.2d 788 (Fla. 5th DCA 1987): holding limited in part by Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988), approved, 545 So.2d 851 (Fla. 1989) (double jeopardy was violated by trial court's resentencing of defendant on remand as to count that was unaffected by prior appeal).
Although in Wood v. State, 582 So.2d 751 (Fla. 5th DCA 1991) we permitted the trial court to impose a new sentence (arguably greater sentence) on remand on the remaining count when one of two counts was reversed, in Wood the remaining count was before the court for resentencing. That is not so in the present case.
REVERSED with instructions to reinstate the original sentence for sexual battery.
COWART and GRIFFIN, JJ., concur.
NOTES
[1] In a separate indictment, appellant and his codefendant were charged with the murder of a police officer. Both were convicted and sentenced to life. See Hall v. State, 403 So.2d 1319 (Fla. 1981).
[2] Ruffin v. State, 397 So.2d 277 (Fla. 1981).
[3] Ruffin v. State, 454 U.S. 882, 102 S.Ct. 368, 70 L.Ed.2d 194 (1981).
[4] Ruffin v. State, 420 So.2d 591 (Fla. 1982).
[5] Ruffin v. Wainwright, 461 So.2d 109 (Fla. 1984).
[6] Ruffin v. Dugger, 848 F.2d 1512 (11th Cir.1988); reh. denied, 858 F.2d 746 (11th Cir.1988).