PER CURIAM.
Freddie Lee Hall appeals the sentence of death imposed on him on resentencing. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution, and affirm Hall’s sentence.
In February 1978 Hall and Mack Ruffin decided to steal a car to use in a robbery. Spotting a twenty-one-year-old housewife, who was seven months pregnant, in a grocery store parking lot, Hall forced her into her car and drove that car to a secluded wooded area. Ruffin followed in his car. After reaching their destination, both men raped the victim, after which she was beaten and shot and her body dragged further into the woods. Later that day, they drove the victim’s car to a convenience store where they killed a deputy sheriff. The handgun shown to have killed the female victim was found under the deputy’s body.
In separate trials their juries convicted both Hall and Ruffin of first-degree murder and recommended that they be sentenced to death, which their trial judges did.[1] This Court affirmed Hall’s conviction and sentence. Hall v. State, 403 So.2d 1321 (Fla.1981). Later, however, this Court ordered that Hall be resentenced because of error under Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). Hall v. State, 541 So.2d 1125 (Fla. 1989).
At the resentencing the state produced witnesses and prior testimony to make the jury aware of the underlying facts and to prove aggravators. Hall presented numerous witnesses, including, among others, his original trial and appellate attorneys, two sisters, two brothers, three other family members and acquaintances, a professor of special education, a psychiatrist, a psychologist, and a criminologist in his attempt to establish mitigators. The jury, however, recommended that he be sentenced to death, which the trial court did.
Each side started voir dire with ten peremptory challenges, and Hall eventually used his last peremptory to remove a prospective juror that the court refused to remove for cause. Claiming that there was one more person on the panel that he would excuse, Hall asked for more challenges. The court said that the last person Hall challenged was at least arguable as to removal for cause and gave him one more challenge, which Hall used. After the state struck another prospective juror, Hall *476 asked for still more challenges because he did not want Cavanaugh, the last person called to the panel, on the jury. The state objected that granting more challenges in a piecemeal fashion was unfair to the state, and the court refused any more challenges. Hall did not challenge Cavanaugh for cause, but moved for a mistrial because the court refused to give him more challenges. He had no authority to cite for this claim, and the state argued that granting more challenges was within the court’s discretion. The court agreed and denied the motion. Now, Hall argues that because Cava-naugh had been exposed to prejudicial publicity and juror misbehavior the court erred in refusing him an additional peremptory challenge. We disagree.
“To show reversible error, a defendant must show that all peremptories had been exhausted and that an objectionable juror had to be accepted.” Pentecost v. State, 545 So.2d 861, 863 n. 1 (Fla.1989); Trotter v. State, 576 So.2d 691 (Fla.1990). Although Hall claimed that he would have excused Cavanaugh, the record discloses that, even though Cavanaugh had seen a newspaper headline about Hall’s resentenc-ing, he did not read the article and that Cavanaugh did not hear what some jurors were talking about in the hallway. We have previously held that the competency of a challenged juror is a mixed question of law and fact, the resolution of which is within the trial court’s discretion. Singer v. State, 109 So.2d 7 (Fla.1959). Hall has shown no abuse of discretion in the trial court’s refusal to grant him more peremptory challenges, and there is no merit to this issue.
Hall filed a lengthy proposed instruction to explain why he was being re-sentenced. The state objected that the explanation was irrelevant and confusing, and the court refused to give the proposed instruction. “Jury instructions must relate to issues concerning evidence received at trial”, and confusing, contradictory, or misleading instructions should not be given. Butler v. State, 493 So.2d 451, 452 (Fla. 1986). Hall has shown no abuse of discretion in the court’s refusal to give the proposed instruction, and this issue has no merit.
The state tried Hall and Ruffin together for the deputy’s murder. The jury convicted each of first-degree murder and recommended that Ruffin be sentenced to life imprisonment and that Hall be sentenced to death, and the trial court agreed with those recommendations. On appeal the district court affirmed Ruffin’s conviction of first-degree murder. Ruffin v. State, 390 So.2d 841 (Fla. 5th DCA1980). In considering Hall’s appeal of his conviction and death sentence, however, this Court vacated the sentence and reduced Hall’s conviction to second-degree murder because, although both Hall and Ruffin were guilty of murder, premeditated, first-degree murder had not been proved. Hall v. State, 403 So.2d 1319 (Fla.1981).
At resentencing Hall sought to introduce Ruffin’s conviction of first-degree murder to contrast with his own second-degree murder conviction. The state objected and argued that if this were allowed it should be allowed to explain the differences in the codefendants’ convictions. The judge held that he would allow both sides to argue the significance of Ruffin’s conviction, and Hall decided not to introduce that conviction. Now, Hall argues that the court erred in refusing to let him introduce the conviction without the state being able to explain it.
We find no merit to Hall’s argument. If Ruffin’s conviction for murdering the deputy had come to this Court, no doubt it, as well as Hall’s, would have been reduced to second-degree murder. See Moreland v. State, 582 So.2d 618 (Fla. 1991). The admitting of evidence is within the trial court's discretion. Blanco v. State, 452 So.2d 520 (Fla.1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 940, 83 L.Ed.2d 953 (1985). Hall has demonstrated no abuse of discretion in the trial court’s ruling that the state would be able to explain Ruffin’s conviction.
As stated earlier, seven of Hall’s relatives and friends testified on his behalf. When he sought to introduce testimony *477 from four other relatives, the state objected to their testimony as being cumulative, repetitious, and redundant. The parties then stipulated that the jury would be told that these witnesses “would have testified to the same factual circumstances that other family witnesses have testified to.” It is within the trial court’s discretion to exclude cumulative evidence. Muehleman v. State, 503 So.2d 310 (Fla.), cert. denied, 484 U.S. 882, 108 S.Ct. 39, 98 L.Ed.2d 170 (1987). Hall has shown no abuse of discretion, and there is no merit to his argument that the court erred in excluding this testimony.
As noted earlier, Hall’s jury recommended that he be sentenced to death. In agreeing with that recommendation the court wrote: “It is only in rare circumstances that this court could impose a sentence other than what is recommended by the jury, although the court obviously has the right, in appropriate circumstances, to exercise its prerogative of judicial override.” Hall now argues that the “rare circumstances” language shows that the court used the wrong standard in considering the jury’s recommendation. We disagree. As we have stated previously: “Notwithstanding the jury recommendation ... the judge is required to make an independent determination, based on the aggravating and mitigating factors.” Grossman v. State, 525 So.2d 833, 840 (Fla.1988), cert. denied, 489 U.S. 1071, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989). This judge recognized that the final decision as to penalty was his and conscientiously weighed and discussed the aggravating and mitigating evidence and made his decision based on the evidence. We are convinced that he applied the proper standard.
In sentencing Hall to death the court found that seven aggravators had been established: 1) previous conviction of violent felony (assault with intent to commit rape, second-degree murder, shooting at or into an occupied vehicle); 2) under sentence of imprisonment (on parole for the assault conviction); 3) committed during the commission of kidnapping and sexual battery; 4) committed for pecuniary gain (stealing the victim’s car); 5) heinous, atrocious, or cruel; 6) cold, calculated, and premeditated; and 7) committed to avoid or prevent arrest. Because his original sentencing judge found only three aggrava-tors, Hall now argues that the resentencing court could not find the additional four. We recently considered this issue and, contrary to Hall’s argument, held that, because a resentencing is a totally new proceeding, the resentencing court is not bound by the original court’s findings. Preston v. State, 607 So.2d 404 (Fla.1992). Thus, there is no merit to Hall’s argument.
Hall also argues that the state did not prove the avoid, prevent arrest and cold, calculated, and premeditated aggrava-tors.[2] We disagree. We have long held that, when the victim is not a law enforcement officer, eliminating a witness must be the dominant motive for the murder to support finding the avoid, prevent arrest aggravator. E.g., Bates v. State, 465 So.2d 490 (Fla.1985). Circumstantial evidence can be used to prove this aggravator, and we have uniformly upheld finding this ag-gravator when the victim is transported to another location and then killed. E.g., Preston; Swafford v. State, 533 So.2d 270 (Fla.1988), cert. denied, 489 U.S. 1100, 109 S.Ct. 1578, 103 L.Ed.2d 944 (1989); Engle v. State, 510 So.2d 881 (Fla.1987), cert. denied, 485 U.S. 924, 108 S.Ct. 1094, 99 L.Ed.2d 256 (1988); Card v. State, 476 So.2d 180 (Fla.1985), cert. denied, 476 U.S. 1178, 106 S.Ct. 2907, 90 L.Ed.2d 993 (1986); Copeland v. State, 457 So.2d 1012 (Fla. 1984), cert. denied, 471 U.S. 1030, 105 S.Ct. 2051, 85 L.Ed.2d 324 (1985); Card v. State, 453 So.2d 17 (Fla.), cert. denied, 469 U.S. 989, 105 S.Ct. 396, 83 L.Ed.2d 330 (1984); Martin v. State, 420 So.2d 583 (Fla.1982), cert. denied, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). Here, the evidence leaves no reasonable inference except that Hall and Ruffin killed the victim to eliminate the only witness to their having kid *478 napped and raped her and having stolen her car.[3]
The evidence also supports finding the murder to have been committed in a cold, calculated, and premeditated manner with no pretense of moral or legal justification. The record shows that Hall and Ruffin intended to steal the victim’s car. To that end, they could have taken the car and simply left her in the parking lot. Instead, however, they abducted, raped, beat, and finally killed her. Even if Hall did not fire the shot that killed the victim, he was a willing if not predominant participant in the other acts. Copeland; Cave. The totality of the circumstances show this murder to have been committed in a cold, calculated, and premeditated manner. There is no merit to Hall’s argument that his mental retardation provided a pretense of moral or legal justification. Cf. Jones v. State, 612 So.2d 1370 (Fla.1992) (sense of rejection does not provide a valid pretense); Williamson v. State, 511 So.2d 289 (Fla.1987) (no pretense of justification where victim had not threatened defendant), cert. denied, 485 U.S. 929, 108 S.Ct. 1098, 99 L.Ed.2d 261 (1988). Additionally, it is not improper to apply this aggravator to killings committed before the legislature adopted it. Sireci v. State, 587 So.2d 450 (Fla.1991), cert denied, — U.S. -, 112 S.Ct. 1500, 117 L.Ed.2d 639 (1992).
We also find no merit to Hall’s contention that the heinous, atrocious, or cruel aggravator is unconstitutionally vague.[4] In Espinosa v. Florida, — U.S. -, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992), the United States Supreme Court declared our former instruction[5] on this aggravator invalid. Hall’s trial judge, however, gave his jury the new instruction as follows:
Six, the crime for which the defendant is to be sentenced was especially heinous, atrocious, or cruel. Heinous means extremely wicked or shockingly evil. Atrocious means outrageously wicked and vile. Cruel means that designed to inflict a high degree of pain with utter indifference to, or even enjoyment of the suffering of others. The kind of crime intended to be included as heinous, atrocious, or cruel is one accompanied by additional acts that show that the crime was conscienceless or pitiless and was unnecessarily torturous to the victim.
This instruction defines the terms sufficiently to save both the instruction and the aggravator from vagueness challenges.
Hall also attacks the trial judge’s findings in regards to the mitigating evidence. We disagree that the judge committed reversible error or that death is disproportionate for this killing. The judge considered four statutory mitigators and more than twenty items of nonstatutory mitigating evidence grouped into three general areas, i.e., mental, emotional, and learning disabilities; abused and deprived childhood; and disparate treatment of co-perpetrator. Although the judge initially stated that some of the mitigating evidence was “unquantifiable,” he later spent almost six pages analyzing the mitigating evidence and concluded that whatever mitigators had been established did not outweigh the aggravators.
In considering allegedly mitigating evidence the court must decide if “the facts alleged in mitigation are supported by the evidence,” if those established facts are “capable of mitigating the defendant’s punishment, i.e., ... may be considered as extenuating or reducing the degree of moral culpability for the crime *479 committed”, and if “they are of sufficient weight to counterbalance the aggravating factors.” Rogers v. State, 511 So.2d 526, 534 (Fla.1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 733, 98 L.Ed.2d 681 (1988); Campbell v. State, 571 So.2d 415 (Fla. 1990). “The decision as to whether a mitigating circumstance has been established is within the trial court’s discretion.” Preston, 607 So.2d at 412. The judge carefully and conscientiously applied the Rogers standard and resolved the conflicts in the evidence, as was his responsibility. Gunsby v. State, 574 So.2d 1085 (Fla.), cert. denied, — U.S. -, 112 S.Ct. 136, 116 L.Ed.2d 103 (1991). The record supports his conclusion that the mitigators either had not been established or were entitled to little weight. Preston; Ponticelli v. State, 593 So.2d 483 (Fla.1991), vacated on other grounds, — U.S. -, 113 S.Ct. 32, 121 L.Ed.2d 5 (1992).
We also reject Hall’s claim that his death sentence is not proportionate. These crimes were a joint operation, with each defendant responsible for the other’s acts. James v. State, 453 So.2d 786 (Fla.), cert. denied, 469 U.S. 1098, 105 S.Ct. 608, 83 L.Ed.2d 717 (1984). Even though Ruffin received a life sentence, the different treatment given Hall is appropriate. As noted by the trial judge, Hall was bigger and older than Ruffin and was the leader. Before the date of this crime he had been convicted of a violent crime and was on parole, whereas Ruffin had no such criminal history. Also, Ruffin’s resentencing jury recommended that he be sentenced to life imprisonment. Hall, on the other hand, has received a death recommendation from every jury he has appeared before. The disparate treatment is fully warranted.[6] The aggravators clearly outweigh the mitigating evidence, and this cruel, cold-blooded murder clearly falls within the class of killings for which the death penalty is properly imposed. E.g., Swafford (victim abducted, raped, and killed); Engle (same); Cave (co-perpetrators abducted, raped, and killed victim; defendant not actual killer); Copeland (same).
Therefore, we affirm the death sentence imposed on Hall on resentencing.
It is so ordered.
oyerton, McDonald, shaw, GRIMES and HARDING, JJ., concur.
BARKETT, C.J., dissents with an opinion, in which KOGAN, J., concurs.

. We affirmed Ruffin’s conviction and sentence. Ruffin v. State, 397 So.2d 277 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 368, 70 L.Ed.2d 194 (1981). A federal court granted Ruffin a resen-tencing based on Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). RE-fin v. Dugger, 848 F.2d 1512 (11th Cir.1988), cert. denied, 488 U.S. 1044, 109 S.Ct. 872, 102 L.Ed.2d 995 (1989). At resentencing Ruffin’s jury recommended life imprisonment, which the trial court imposed. Ruffin v. State, 589 So.2d 403 (Fla. 5th DCA1991).

. Hall does not challenge the applicability of the five other aggravators, and our review of the record shows them to have been established beyond a reasonable doubt.

. Even if we were to hold that this aggravator should not have been found, given the strong remaining aggravators, any error would be harmless.

. We have previously rejected Hall’s constitutional claims or claims very similar to them. E.g., Ragsdale v. State, 609 So.2d 10 (Fla.1992); Sireci v. State, 587 So.2d 450 (Fla.1991), cert. denied, — U.S. -, 112 S.Ct. 1500, 117 L.Ed.2d 639 (1992); Jones v. State, 569 So.2d 1234 (Fla.1990); Hitchcock v. State, 578 So.2d 685 (Fla.1990), vacated on other grounds, — U.S. ——, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); Eutzy v. State, 541 So.2d 1143 (Fla. 1989).

.Formerly, the instructions listed this aggravator as "especially wicked, evil, atrocious or cruel" without defining any of those terms.

. Scott v. Dugger, 604 So.2d 465 (Fla.1992), is factually distinguishable and, therefore, no basis for relief.