W. SHARP, Judge.
Ruffin appeals from an order resentenc-ing him on remand from this court. It appears the trial court unlawfully increased a sentence, which Ruffin had already begun to legally serve. We reverse and remand for resentencing.
A brief history of this case is necessary to explain the sentencing problem. In July of 1978, Ruffin was convicted of first degree murder and sexual battery. He was sentenced to death for the murder conviction, and to 30 years (concurrent) for the sexual battery conviction. Ruffin attempted various avenues of appeal and collateral relief. Eventually he sought habeas corpus relief in the Federal District Court for the Middle District of Florida. The court refused to grant the writ, and he appealed to the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit held the death sentence for the murder conviction had been erroneously imposed. The federal district court ordered the trial court to resentence Ruffin within 90 days.
A retrial of the murder conviction penalty phase was undertaken and the jury recommended life imprisonment. The trial court sentenced Ruffin to life, with a 25 year minimum mandatory sentence, to run consecutive to any other sentences. The trial court also vacated the 30 year concurrent sentence for sexual battery, and resen-tenced Ruffin to a term of life, on that charge, to be served consecutive to the life sentence on the murder conviction. He began serving the life sentence for murder.
Thereafter, Ruffin appealed the life sentence for sexual battery to this court. We reversed with instructions to impose the original sentence for sexual battery. Ruffin v. State, 589 So.2d 403 (Fla. 5th DCA 1991).
On April 28, 1992 Ruffin was resen-tenced. At that time the judge stated:
It was the Court’s intent as originally expressed that the sentences be consecutive and therefore this life sentence should be consecutive to the previously imposed thirty-year sentence.
The judge then stated that the sentence “originally announced is consecutive to the thirty-year sentence” for the sexual battery count. Defense counsel did not object, but later stated that Ruffin was originally sentenced to a concurrent term on the sexual battery charge, and wondered if the court could now make it consecutive.
The judge responded that the sexual battery charge had never stopped running and that this court held' that the purported interruption of that sentence was incorrect. The judge also noted that he was sentencing Ruffin to life, with the life sentence for murder to be consecutive to the thirty-year sentence. That is, the judge reversed the original sentence order and after resentenc-ing, Ruffin was to serve the life sentence for murder after completing the 30 year sexual battery sentence. The judge said Ruffin would receive no credit on the life sentence because the time he has been incarcerated would be credited on the 30 year sentence he was serving for sexual battery.
However, the problem here is that the judge had no authority to change the murder sentence in the context of the remand after the prior appeal to this court. Only the sexual battery sentence was the subject of that appeal, and Ruffin had already be *870 gun to serve his life sentence for murder.[1] Thus, pursuant to our prior opinion, Ruffin should have been sentenced to 30 years on the sexual battery count, consecutive to the life sentence on the murder count, and not life consecutive to the 30 year sentence for sexual battery. Accordingly, we reverse and remand with instructions to sentence Ruffin to 30 years, for the sexual battery charge, consecutive to the life sentence for murder.
REVERSED and REMANDED.
GOSHORN, C.J., and COBB, J., concur.

. Ruffin v. State, 589 So.2d 403 (Fla. 5th DCA 1991); Donald v. State, 562 So.2d 792 (Fla. 1st DCA 1990), rev. denied, 576 So.2d 291 (Fla. 1991); Royal v. State, 389 So.2d 696 (Fla. 2d DCA 1980).