DAUKSCH, Judge.
The issue in this case is the admissibility of a declaration against penal interest when the unavailability of the declarant is not shown. Mr. Justice Hatchett, speaking for our Supreme Court, answered the question in Baker v. State, 336 So.2d 364 (Fla.1976), by saying at page 370:
“Because we have concluded that admissions against interest need not be excluded as hearsay, testimony of persons who have heard a confession should be considered on motion for new trial, when the person confessing is unavailable to testify himself.” (Emphasis added.)
In Baker, supra, it was alleged on a motion for new trial that J. E. Johnson had declared that Baker was innocent of the crime (according to Johnson’s wife) and that Johnson had committed the crime (according to Johnson’s mother-in-law). The appellant court reversed the Order for new trial because the newly discovered evidence, warranting the new trial,[1] was inadmissible because it was hearsay. Our Supreme Court in reversing said admissions or declarations against penal interest are admissible as exceptions to the hearsay rule. Baker, supra.
In this case, at trial, Appellant tried to introduce evidence through testimony of Mrs. Brants that James Newton on various occasions had made admissions and other inculpatory statements regarding the murder for which Appellant was on trial. A proffer of her testimony was properly made and excluded from introduction before the jury.
Before an admission against penal interest is admissible it must be shown that the person confessing is unavailable to tes *1089 tify himself. The reason for such a requirement is obvious; if the person confessing is available to testify, he should be brought into court so the jury can hear his testimony directly. The burden of showing the unavailability of the declarant is on the party which offers the out-of-court statement. In the present case no attempt was made to establish the unavailability of the declarant; therefore, we find no error in the trial court’s rejection of the proffered testimony.
AFFIRMED.
ALDERMAN, C. J., and CROSS, J., concur.

. Fla.R.Crim.P. 3.600.