PER CURIAM.
This is a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel and denial of due process rights, stemming from the same circumstances.
Petitioner was convicted in 1976 of first degree murder, and this court affirmed his conviction in Magna v. State, 350 So.2d 1088 (Fla. 4th DCA 1977). The issue in the appeal was whether the trial court had erred in excluding certain defense testimony as hearsay. The suppression of petitioner’s confessions was raised before trial, but not in the appeal.
Petitioner was arrested on burglary charges in Illinois, about one year after the murder in question, and he told the police officer he was also wanted in Florida. He made a spontaneous statement that he had killed someone and wanted to talk about it. He was then taken to an interview room, advised of his rights. He then gave an oral statement that he killed a girl in Florida, and reiterated the statement to a court reporter, who typed it up for his signature. Later that day, he was again advised of his rights and gave a statement. He subsequently repeated the confession in a telephone call.
Defense counsel at the trial court level argued that these statements were made out of fear, in exchange for a promise and were the result of physical coercion. Also, the motion to suppress filed by defense counsel alleged violation of Miranda rights and defendant’s privilege against self-incrimination. Petitioner now challenges the trial court’s denial of his motion to suppress, based on claims that were not made or preserved in the trial court and therefore not raised on direct appeal. He now argues that when his first recorded statement was made, he said that he did not want to add anything further to that statement until he saw his wife. This was never argued specifically before. He is making a new argument which could not *736 have been appealed because it was not made in the trial court, and thus cannot be the basis of an ineffectiveness claim. Appellate counsel cannot be deemed ineffective for not raising an issue which was not preserved at trial. Ruffin v. Wainwright, 461 So.2d 109 (Fla.1984). Petitioner cites Michigan v. Mosley, 423 U.S. 96, 104, 96 S.Ct. 321, 326, 46 L.Ed.2d 313 (1975). However, we do not consider that case to be controlling.
In any event, the petitioner seems only to have said at one point that he did not want to add anything further to a statement he had already completed until he saw his wife. Even if viewed as a request to cut off questioning, it would not appear to invalidate the other statements appellant gave voluntarily. Thus even if petitioner’s counsel had been able to raise the issue as to his statements, petitioner has failed to show that it would have changed the outcome of his case and ineffectiveness of appellate counsel has not been shown. Mills v. State, 507 So.2d 602 (Fla.1987).
Petitioner uses the same challenge as the basis for his second, interrelated claim. This argument is similarly without merit. Petitioner repeats his earlier claims and adds that his confessions were coerced, based on deprivations of the access to his wife, to food, adequate cell conditions, etc. This was raised in essence in the motion to suppress his confessions argued in the trial court, and after hearing all of the conflicting evidence, the trial court ruled on the facts that the confessions were all voluntary. Petitioner has failed to show how this ruling resulted in deprivation of his constitutional rights.
The petition is, therefore, denied.
DOWNEY, GUNTHER and STONE, JJ., concur.