303 So.2d 17 (1974)
Michael Paul LAMADLINE, Appellant,
v.
STATE of Florida, Appellee.
No. 44346.
Supreme Court of Florida.
November 6, 1974.
*18 Richard W. Ervin, III, Public Defender, Michael J. Minerva and David J. Busch, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., and Michael M. Corin, Asst. Atty. Gen., for appellee.
OVERTON, Justice.
We have jurisdiction, pursuant to Fla. Const., Art. V, § 3(b)(1), and Fla. Stat. 921.141(4), to entertain this direct appeal from a final judgment of the Circuit Court for Okaloosa County imposing the death penalty upon the appellant.
The appellant was charged with first degree murder, larceny of an automobile, and grand larceny. The appellant entered a plea of not guilty at his arraignment, but subsequently, contrary to the advice of his court-appointed counsel, the appellant withdrew his plea of not guilty and entered a plea of guilty to first degree murder. The State then entered a nolle prosequi to the remaining charges.
Prior to the acceptance of the plea of guilty to the charge of first degree murder, counsel for the defendant, the assistant state attorney, and the trial court extensively inquired of defendant concerning his *19 understanding of his rights, including the specific nature of the rights waived by the guilty plea and the effect of his guilty plea. The inquiry fully conformed to Florida Criminal Procedure Rule 3.170 and the federal standards set forth in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), and North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).[1]
Upon completion of the inquiry, the court found that the appellant-defendant understood the nature of the charge against him as well as the consequences of his plea; it also found that his decision to enter that plea was freely and voluntarily made with the advice and counsel of two competent lawyers and an investigator. The trial court thereupon set an evidentiary hearing to be held seven days later and withheld adjudication. It further directed the Florida Probation and Parole Commission to conduct a presentence investigation of the defendant and submit it to the court at the time of the subsequent evidentiary hearing. Counsel for the defendant-appellant requested permission to question, during the interim, some of the witnesses who would be called by the State at the evidentiary hearing. This request was granted. At the commencement of the evidentiary hearing, the court stated:
"The purpose is for the Court to determine whether or not the facts will support the plea as tendered by the Defendant and, likewise, to determine the  should those facts be determined sufficient to support that plea. Then they will also be utilized by the Court as to the determination of the adjudication and the appropriate sentence."
Both counsel agreed to this procedure, and no sugestion was made that any other proceedings were required. Testimony was presented establishing in detail a factual basis for this plea, the defendant being present and having an opportunity through his counsel to cross-examine the witnesses. At the conclusion of the testimony, the court asked the defendant, "You have heard the testimony which the State has produced in Court this morning. Is this substantially what took place?" Defendant answered, "Yes, sir," and refused to make any further statement in his own behalf. The court found again that (1) the defendant, with full knowledge of the consequences and knowing that he was acting contrary to the advice of his counsel, voluntarily and intelligently entered the plea of guilty to the offense; (2) the facts were sufficient to support the plea. At the time of sentencing, the defendant offered no statement in his own behalf. The court thereupon imposed the death sentence, setting forth the reasons as required by § 921.141, F.S. No objection to this procedure was ever recorded.

Validity of Guilty Plea
In North Carolina v. Alford, supra, the Supreme Court of the United States held that the standard for determining the validity of a guilty plea is whether the plea represents an intelligent choice among alternative courses of action open to a defendant. The intense and exhaustive care with which the trial court advised the appellant of his rights and determined that he understood the effect of his plea of guilty clearly establishes that the plea was valid and was an intelligent choice among alternative courses of action open to the defendant.

Sentencing Proceedings
Regrettably, the record fails to reflect whether defense counsel, the prosecutor, or the trial court advised the defendant-appellant that he had a right under § 921.141, F.S., to have a jury impaneled to render *20 an advisory opinion as to whether he should be sentenced to death or life imprisonment. The pertinent portion of the statute reads as follows:
"(1) Separate proceedings on issue of penalty.  Upon conviction or adjudication of guilt of a defendant of a capital felony, the court shall conduct a separate sentencing proceeding to determine whether the defendant should be sentenced to death or life imprisonment as authorized by § 775.082. The proceeding shall be conducted by the trial judge before the trial jury as soon as practicable. If the trial jury has been waived or if the defendant pleaded guilty, the sentencing proceeding shall be conducted before a jury impaneled for that purpose unless waived by the defendant...." [Emphasis supplied]
As extensive as this plea inquiry was, it did not take into account the additional right given the defendant by the legislature in this statutory provision.
It is the trial judge who finally decides whether to impose the death penalty. State v. Dixon, 283 So.2d 1 (Fla. 1973). This Court then has the responsibility, as stated in State v. Dixon, to "review that case in light of the other decisions and determine whether or not the punishment is too great."[2] Both the trial judge, before imposing a sentence, and this Court, when reviewing the propriety of the death sentence, consider as a factor the advisory opinion of the sentencing jury. In some instances it could be a critical factor in determining whether or not the death penalty should be imposed.
This is an essential right of the defendant under our death penalty legislation, though it may be waived. The question before this Court is whether the appellant has waived this right. We cannot presume a waiver where the record is silent, Boykin v. Alabama, supra; Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); and the failure to either object or request the jury sentencing procedure cannot constitute such a waiver. We hold that the record must affirmatively show that the defendant voluntarily and intelligently waived the right to have a sentencing jury render its opinion on the appropriateness of the death penalty, granted him by the express provision of § 921.141, F.S. This record reflects no such waiver.
We affirm the adjudication of guilt. We must vacate the sentence of death, however, and remand the cause to the trial court for sentencing with the specific instruction to impanel a sentencing jury unless the appellant-defendant knowingly and intelligently waives that right. Upon the sentencing jury making its determination, the trial court may then proceed to make its determination and impose the appropriate sentence in accordance with the law of this state.
It is so ordered.
ADKINS, C.J., and ROBERTS, ERVIN, BOYD, McCAIN and DEKLE, JJ., concur.
NOTES
[1] The dialogue of the plea included all questions contained in the materials furnished to circuit and county judges at the 1972 Florida Institute for the Judiciary.
[2] State v. Dixon, 283 So.2d at 10.