336 So.2d 358 (1976)
STATE of Florida, Petitioner,
v.
Robert F. CARR, Respondent.
No. 49862.
Supreme Court of Florida.
August 3, 1976.
Robert L. Shevin, Atty. Gen., Richard E. Gerstein, State Atty., and Ed O'Donnell, Asst. State Atty., for petitioner.
Phillip A. Hubbart, Public Defender, and Michael Vonzamft, Asst. Public Defender, for respondent.
OVERTON, Chief Justice.
This cause is before the Court upon a certified question pursuant to Florida Appellate Rule 4.6.
*359 The defendant in this cause pleaded guilty to first degree murder and is subject to the imposition of the death sentence. The defendant entered a written waiver of an advisory jury, which waiver was determined by the trial judge to have been freely, intelligently, and voluntarily made. Counsel for the state and counsel for the defendant under the authority of Lamadline v. State, 303 So.2d 17 (Fla. 1974), have agreed that the defendant may waive the advisory jury proceeding. The trial judge, pursuant
"Whether a trial court in a capital case is required to accept a defendant's valid waiver of an advisory jury pursuant to Florida Statute 921.141(2) resulting in a judicial determination of sentence without benefit of a jury's recommendation in light of the guidelines toward uniformity in sentencing enunciated in Proffitt v. State of Florida, U.S.S.Ct. 1976 [___ U.S. ___, 96 S.Ct. 2960, 48 L.Ed.2d ___], and Furman v. Georgia, 408 U.S. 238 [92 S.Ct. 2726, 33 L.Ed.2d 346] (1972)?"
In response to the question, we find that the trial judge, upon a finding of a voluntary and intelligent waiver, may in his or her discretion either require an advisory jury recommendation, or may proceed to sentence the defendant without such advisory jury recommendation.
The question having been answered, the cause is remanded for further proceedings.
It is so ordered.
ROBERTS, ADKINS, BOYD, SUNDBERG and HATCHETT, JJ., concur.