375 So.2d 1069 (1979)
Ernest John DOBBERT, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 45558.
Supreme Court of Florida.
July 5, 1979.
Rehearing Denied November 7, 1979.
*1070 Louis O. Frost, Jr., Public Defender, William P. White, III, Chief Asst. Public Defender, and Charles M. Johnston, Asst. Public Defender, Jacksonville, for appellant.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This is an appeal from a death sentence imposed after this Court temporarily relinquished jurisdiction to the trial court with directions to vacate the death sentence previously entered and to allow the defendant to respond to the presentence investigation report before resentencing. We affirm the new sentence of death.
In April, 1974, Ernest John Dobbert was convicted of the first-degree murder of his nine-year-old daughter. The jury, after the sentencing hearing, recommended that a life sentence be imposed, but the trial judge imposed a sentence of death. Dobbert was also convicted of the second-degree murder of his seven-year-old son, child torture of another son, and child abuse of another daughter. His judgments of conviction and sentences were affirmed by this Court. Dobbert v. State, 328 So.2d 433 (Fla. 1976). Judgment of this Court was affirmed by the Supreme Court of the United States. Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977).
Subsequently, this Court entered an order, pursuant to Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), directing the trial judge to file a response with this Court stating whether he imposed the death sentence on the basis of any information not known to Dobbert. The trial judge filed his response, and Dobbert then filed an application for relief and alleged that defense counsel was never furnished a copy of the presentence investigation report prior to sentencing. By order entered on March 31, 1978, we temporarily relinquished jurisdiction of this case to the trial court with directions to vacate the death sentence and to afford Dobbert an opportunity to respond to the presentence investigation report before his resentencing. The trial judge vacated his earlier sentence and not only afforded Dobbert an opportunity to respond to the presentence investigation report but also permitted a plenary sentencing hearing at Dobbert's request. After reconsidering all matters previously presented, plus the additional matters presented at the last sentencing hearing, the trial judge resentenced Dobbert to death.
In his lengthy sentencing order, the trial judge found no mitigating circumstances and found the following aggravating circumstances to exist: (1) Dobbert was under sentence of imprisonment when he committed the murder for which he was convicted; (2) he knowingly created a great risk of death to many persons; (3) the murder was committed to avoid or prevent a lawful arrest; and (4) the murder was especially heinous, atrocious, and cruel.
We hold that the trial judge improperly found as aggravating circumstances that Dobbert was under sentence of imprisonment when he committed the murder and that Dobbert knowingly created a great risk of death to many persons. There is no evidence that Dobbert was under sentence of imprisonment when he committed the murder for which he was convicted. Furthermore, in the murder of his nine-year-old daughter, Dobbert did not knowingly create a great risk of death to many persons as this aggravating circumstance has been construed by this Court. Kampff v. State, 371 So.2d 1007 (Fla. 1979); Elledge v. State, 346 So.2d 998 (Fla. 1977).
Although two aggravating circumstances were improperly determined to exist, we conclude that the trial court properly found that the murder was committed to avoid lawful arrest and was especially heinous and cruel. In support of his finding that the murder was committed to avoid lawful arrest, the trial judge explained:
The evidence and testimony showed that defendant constantly beat Kelly Ann Dobbert, kicked and hit her with fists and *1071 other objects  caused her to be violently and chronically ill from such torture and that she was scarred, battered and bruised. That to prevent her condition from being known to the authorities, he denied her any medical treatment. The defendant locked her inside the home in his absence, confined her to the house when he was present and finally murdered her, placed her body in a plastic sheet and buried her in an unknown and unmarked grave. All of which was done to prevent discovery of her condition and to avoid his arrest.
As long as this child existed, she was living proof of the criminal abuse that Dobbert had inflicted upon her body. Her flesh was damning evidence of his criminality which, if discovered, would have resulted in Dobbert's arrest. The trial judge did not err in finding that the child was killed by Dobbert to prevent discovery of her condition and to avoid his arrest.
Also, it is clear that the shockingly evil and unnecessarily torturous murder of this nine-year-old child was especially heinous, atrocious, and cruel as this circumstance is defined in State v. Dixon, 283 So.2d 1, 9 (Fla. 1973), wherein we said:
It is our interpretation that heinous means extremely wicked or shockingly evil; that atrocious means outrageously wicked and vile; and, that cruel means designed to inflict a high degree of pain with utter indifference to, or even enjoyment of, the suffering of others. What is intended to be included are those capital crimes where the actual commission of the capital felony was accompanied by such additional acts as to set the crime apart from the norm of capital felonies  the conscienceless or pitiless crime which is unnecessarily torturous to the victim.
The trial judge, in his sentencing order, emphasized that in twenty-six years of defending, prosecuting, and trying criminal cases he had never known of a more heinous, atrocious, and cruel crime than this one.
After considering all the evidence presented, the trial court concluded that no mitigating circumstances exist, either statutory or otherwise. Dobbert challenges this determination and contends that several of the statutorily enumerated circumstances and several others are supported by the evidence. We disagree with Dobbert's contention that the trial court erred in its determination and hold that the trial court properly concluded that no mitigating circumstances exist. The evidence is not such as would require the trial court to find any of the mitigating circumstances proposed by Dobbert as a matter of law. Since there are one or more validly found aggravating circumstances and no mitigating circumstances, a reversal of the death sentence is not necessarily required. Elledge v. State, 346 So.2d 998 (Fla. 1977); Hargrave v. State, 366 So.2d 1 (Fla. 1978).
Because the jury recommended a sentence of life imprisonment, however, we must give further consideration to this sentence of death in light of Tedder v. State, 322 So.2d 908, 910 (Fla. 1975), wherein we said:
A jury recommendation under our trifurcated death penalty statute should be given great weight. In order to sustain a sentence of death following a jury recommendation of life, the facts suggesting a sentence of death should be so clear and convincing that virtually no reasonable person could differ....
In its sentencing order, the trial court expressly stated the Tedder test and recited that this case has fully met that test. After reviewing the record and in light of the totality of the circumstances, we conclude that the facts suggesting the death sentence are so clear and convincing that virtually no reasonable person could differ.
Additionally, Dobbert argues that the death penalty statute is unconstitutionally violative of article V, section 2(a), Florida Constitution, because it attempts to govern practice and procedure; that its application to him violates article X, section 9, Florida Constitution; that, at the time of his resentencing, section 921.141 unconstitutionally limited consideration of mitigating circumstances to those enumerated in the *1072 statute; and that this Court's failure to review capital cases where a sentence of life has been imposed constitutes a violation of the eighth and fourteenth amendments. We have considered each of these arguments and find them to be without merit.
Accordingly, Dobbert's sentence of death is affirmed.
It is so ordered.
ADKINS, BOYD, OVERTON and ALDERMAN, JJ. and VANN, Associate Justice, concur.
ENGLAND, C.J., and SUNDBERG, J., concur in result only.