521 So.2d 110 (1988)
Horace BROWN, Petitioner,
v.
STATE of Florida, Respondent.
No. 70333.
Supreme Court of Florida.
February 4, 1988.
Rehearing Denied March 25, 1988.
*111 Bennett H. Brummer, Public Defender and N. Joseph Durant, Jr., Asst. Public Defender, Miami, for petitioner.
Robert A. Butterworth, Atty. Gen. and Steven T. Scott, Asst. Atty. Gen., Miami, for respondent.
SHAW, Justice.
We review Brown v. State, 501 So.2d 1343 (Fla. 3d DCA 1987), to resolve conflict with Fasenmyer v. State, 457 So.2d 1361 (Fla. 1984), and Troupe v. Rowe, 283 So.2d 857 (Fla. 1973). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioner Brown was convicted of first-degree murder following a jury trial. The evidence at trial was that Brown, with the aid of a henchman, devised a plan to rob a fellow drug dealer, Gomez. Brown and the henchman, who was armed, lured Gomez to Brown's home and the three men left for an unknown destination. Soon, thereafter, Gomez was killed and Brown and his henchman returned briefly to the Brown home. Fearing vengeance, they checked into a motel. Brown advised household members by phone that he had to kill Gomez, attempted to concoct an alibi, and took great pains to conceal his location. Brown was indicted for first-degree murder and tried under theories of premeditation and felony murder based on robbery and trafficking in cocaine. Through an oversight, the jury was not instructed on the underlying felony of trafficking. The jury returned a general verdict of guilty of first-degree murder, which would normally be followed by the presentation of aggravating and mitigating evidence to the jury in accordance with section 921.141, Florida Statutes (1981). However, the judge ruled as a matter of law that Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), barred imposition of the death penalty, dismissed the jury, and sentenced Brown to life imprisonment. Thereafter, Brown appealed the conviction and the state cross appealed the ruling on Enmund and the life sentence. The district court affirmed the first-degree murder conviction holding that failure to instruct on the lesser included offense was harmless error, reversed the life sentence on its finding that the judge misapplied Enmund, and remanded for resentencing in accordance with section 921.141.
We first address the issue of whether failure to instruct on the underlying felony of trafficking in cocaine was harmless error under the circumstances. The district court reasoned that the state's primary theory was premeditation and concluded
there is ample evidence to support the conviction based upon premeditated murder. Brown concocted a scheme for a "rip-off" which he and his cohort perpetrated. The evidence demonstrates that he went to great lengths to dupe his victim and that his cohort armed himself as part of the scheme. There is further evidence that Brown admitted to his exgirlfriend, over the telephone and soon after the murder, that he was personally responsible for the murder. While it is true that the evidence may be insufficient to show that Brown was the actual "triggerman," the totality of the evidence supports the state's theory that Brown ordered the death of the victim in an execution-style murder, and was therefore guilty, as a principal, of premeditated *112 murder, pursuant to section 777.011, Florida Statutes (1985).
Brown, 501 So.2d at 1344-45. We agree.
At the beginning of the penalty phase, before bringing the jury in, the judge asked for and received arguments from both parties on whether Enmund barred the death penalty. In its argument the state specifically cited cases where this Court has rejected the argument that Enmund barred the death penalty for nontriggermen. State v. White, 470 So.2d 1377 (Fla. 1985); Hall v. State, 420 So.2d 872 (Fla. 1982); Ruffin v. State, 420 So.2d 591 (Fla. 1982). However, without substantive explanation, the judge ruled that Enmund barred the death sentence and proceeded to dismiss the jury and impose a life sentence. It is uncontroverted that the ruling was in error. Although the state might have sought interlocutory review by writ of certiorari after the ruling and prior to the imposition of the sentence on the grounds that the ruling was a departure from the essential requirements of law, White, Hall, and Ruffin, and that imposition of sentence would cause irreparable harm under Arizona v. Rumsey, 467 U.S. 203, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984), and Bullington v. Missouri, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981), it failed to do so.
The facts of this case are on point with Rumsey. There the trial court erred in ruling that the death penalty could not be imposed, but, upon reversal and remand, imposed a death sentence. Relying on Bullington, both the Arizona and United States Supreme Courts held that the erroneous ruling acquitted the defendant of the death penalty and terminated jeopardy. Accordingly, it was held to be a violation of double jeopardy to reopen the sentencing phase and to impose the death penalty. The state attempts to distinguish Rumsey and Bullington by arguing that the judge did not conduct a penalty phase as required by section 921.141 and that the life sentence was thus illegal. We disagree. The judge opened the penalty phase by hearing arguments and by ruling on a matter of law which did not require the presence of the jury. Even though the ruling was erroneous, the procedure was correct. Having so ruled, it would have been a futile exercise to present evidence of aggravation and mitigation to the jury or to pronounce a "but for" Enmund death sentence. Life imprisonment is a legal sentence under section 921.141 and we are not faced with a sentence contrary to statute. On the authority of Rumsey, we quash that portion of the district court opinion reversing the life sentence and remand the case for further proceedings consistent with this opinion.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.