## STATE OF FLORIDA v MOORE

Case No. 85-21756

Eleventh Judicial Circuit, Dade County

June 14, 1989

### APPEARANCES OF COUNSEL

**Michael Band,** Assistant State Attorney, for plaintiff.

**Danny Velayos,** Assistant Public Defender, for defendant.

### OPINION OF THE COURT

FRED MORENO, Circuit Judge.

THIS CAUSE came before the Court for a change of plea and sentencing. The defendant had been previously convicted of first degree murder, burglary, possession of a weapon in the commission of a felony and sexual battery. His two separate convictions were reversed by Appellate Courts and the causes once again remanded for two separate trials. The State is seeking the death penalty again. The defendant had indicated a willingness to enter pleas of guilty and be sentenced to one life sentence with a minimum mandatory of 25 years before he is eligible for parole, followed by a *second* life sentence to run consecutively, plus one separate consecutive 15 years plus a separate consecutive 5 year sentence for a total to the two life sentences plus 20 years.

Since the defendant is 41 years old the two life sentences and 20 years would be a real life sentence.

The defendant may plea guilty and waive the impanelling of a jury for the purpose of recommending a sentence purusant to Florida Statute Section 921.141. *See Lamadline v State,* 303 So.2d 17 (Fla. 1974). It is the trial judge's discretion to proceed to sentence the defendant without such advisory jury recommendation. *State v Carr,* 336 SO.2d 358 (Fla. 1976). The State argues that a jury should be impaneled and that the two cases proceed to trial again despite the previous reversals. The Court has considered the aggravating circumstances previously presented. The Court has also considered the State's request to defer to the victim's family wishes to impose a death penalty but the Court is prevented by the recent United States Supreme Court decision of *Booth v Maryland,* 482 U.S. 440 (1987) from considering the impact of the victim's death upon her family. Despite this Court agreeing with the dissent by Chief Justice Rehnquist and Justices White, O'Connor and Scalia, the Court is bound to follow the law.

The defendant argues that it would serve no purpose to proceed to two separate jury trials, with its accompanying appeals if convictions result, for the sole purpose of giving the victim's family an opportunity to speak when the law is clear that they are precluded from expressing an opinion as to what sentence should be given on a case of this nature. The previous record show aggravating circumstances as well as mitigating circumstances, specifically the mental condition of the defendant. The Court feels that society in this case will be protected by a *real* life sentence which provides punishment. In addition, a plea of guilty eliminates the possibility of appeals, traumatization of witnesses including the victim of the rape, the possibility of acquittal or conviction of lesser included offenses yielding a lesser sentence.

Therefore, the Court exercising its discretion in accepting the guilty pleas, sentences the defendant to two (2) consecutive life sentences plus 20 years consecutive.

DONE and ORDERED in Open Court this 14th day of June, 1989.