DAUKSCH, Judge.
The state seeks our review by certiorari the sentence of a circuit judge in a first degree murder case. The respondent was convicted of two first degree murder charges and the jury recommended the death penalty. The judge overrode the recommendation and sentenced respondent to life in prison. The state now seeks review of that sentence.
The right of the state to appeal a sentence was recently created by the statute which created the sentencing guidelines and generally permits the state to appeal downward departures from the recommended guideline sentence. Indeed, state appeals of sentences are limited to that category. First degree murder cases are not included within the sentencing guidelines, so the state cannot assert a right to appéal on that basis. See also State v. Pettis, 520 So.2d 250 (Fla.1988) which discusses the right of the state to petition for *77 certiorari where it lacks statutory authority to appeal.
The state cites Brown v. State, 521 So.2d 110 (Fla.1988), cert. denied, — U.S. -, 109 S.Ct. 270, 102 L.Ed.2d 258 (1988) as authority for this court to take jurisdiction and grant unspecified relief.[1] We do not read Brown as permitting certiorari review of a sentence. To the contrary, we read it as forbidding such a review. In Brown, our supreme court held that jeopardy attaches when sentence is imposed and that even if the sentencing judge was mistaken in his legal ruling as to the inapplicability of the death penalty, that error cannot be corrected by an appellate court ordering the death penalty. See also Arizona v. Rumsey, 467 U.S. 203, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984) and Bullington v. Missouri, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981).
Perhaps the state was misled by the statement in Brown that the state can seek certiorari from an erroneous interlocutory ruling of the sentencing court that it is barred from imposing the death penalty. Upon a close reading of Brown, it is clear that the state must petition for the writ before sentence is imposed, and cannot seek relief after the life sentence is imposed. Brown effectively establishes a rule that a life sentence in a capital case cannot be appealed, any more than a directed verdict in a criminal case can be appealed.
CERTIORARI DENIED.
DANIEL, C.J., and HARRIS, J., concur.

. The state seeks the following relief:
WHEREFORE, for the foregoing reasons, Petitioner respectfully requests that this Honorable Court issue an Order to Show Cause upon the Respondent, grant a Writ of Common Law Certiorari, vacate the decision of the trial court rendered November 17, 1989, remand the cause to the trial court for the entry of a sentencing order which comports with existing statutory and decisional authority, and grant such other and further relief as this Court deems appropriate.
We assume the state is requesting this court to order the death penalty imposed.