556 So.2d 462 (1990)
STATE of Florida, Petitioner,
v.
Eddie Joe FERGUSON, Respondent.
No. 89-02371.
District Court of Appeal of Florida, Second District.
January 31, 1990.
*463 Robert A. Butterworth, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for petitioner.
David C. Friedman of Atkin & Friedman, Fort Myers, for respondent.
ALTENBERND, Judge.
The State of Florida seeks a writ of common law certiorari or a writ of prohibition to compel the trial court in this capital case to conduct a penalty phase proceeding at which evidence is presented to an advisory jury. Although we withhold the formal issuance of a writ, we find that the trial court departed from the essential requirements of the law when it discharged the jury between the guilt phase and the penalty phase without the state's consent. Additionally, the trial court erred in deciding to sentence the defendant without the benefit of evidence on the mitigating and aggravating circumstances. These errors, prior to the imposition of sentence, permit our review under common law certiorari. See Brown v. State, 521 So.2d 110 (Fla.), cert. denied, ___ U.S. ___, 109 S.Ct. 270, 102 L.Ed.2d 258 (1988).
On August 10, 1989, Eddie Joe Ferguson, a juvenile who was tried as an adult, was convicted of felony first-degree murder, second-degree murder with a firearm, armed robbery with a firearm, and conspiracy to commit armed robbery with a firearm. Following his adjudication, the defendant requested that the trial court "declare that death was not a possible penalty," discharge the jury, and proceed to sentencing without additional evidence. After receiving memoranda of law and hearing oral arguments on August 11, the trial judge decided that he would not be authorized to sentence the defendant to death under the evidence which he anticipated that the advisory jury would hear. The trial judge concluded that the presentation of evidence to an advisory jury during the penalty phase would be a "waste of time," because the defendant would not receive the death penalty regardless of that jury's advisory decision. Thus, over the state's objection, the trial judge discharged the jury and scheduled sentencing of the defendant for a future date, following a presentence investigation.
It is altogether possible that the trial court will ultimately sentence this young defendant to a penalty less than death. We can understand the trial court's desire to save time both for itself and for the jurors. Nevertheless, the rules of procedure require the trial court to permit the state and the defendant to present evidence of an aggravating or mitigating nature, consistent with the requirements of section 921.141, Florida Statutes (1987), during the penalty phase. Fla.R.Crim.P. 3.780. Thus, so long as death is a legally available penalty, the trial court must permit the state to present relevant evidence during the penalty phase, if the state wishes to present that evidence.
The defendant argues that Brown supports the trial court's authority to dispense with evidence during the penalty phase. We disagree. Brown authorizes a trial court to determine at the inception of the penalty phase that the death penalty is not available as a matter of law. Under the limited record before us, it appears that the jury's verdict in the guilt phase could legally permit the death penalty if other factual issues warrant that penalty. Although the trial judge initially suggested this decision was strictly a question of law, his ruling clearly involved a consideration of the factual matters which would normally be presented to the advisory jury as aggravating and mitigating circumstances. Thus, we conclude that the trial court's decision was not purely a legal decision on the applicability of the death penalty to the crime for which the defendant had been convicted, but rather a factual decision on the propriety of that penalty under the circumstances of this case. The trial court had no authority to make that factual decision before the parties were given an opportunity to present their evidence.
In addition to its obligation to hear and consider the penalty phase evidence, the trial court must also employ the assistance of an advisory jury if the state is unwilling to waive its right to that jury. The defendant argues that, under section *464 921.141, Florida Statutes (1987), a trial court has the discretion to forgo an advisory jury at the conclusion of the guilt phase if the advisory jury is "waived" by the defendant. Section 921.141(1) states: "If the trial jury has been waived, or if the defendant pleaded guilty, the sentencing proceeding shall be conducted before a jury impaneled for that purpose, unless waived by the defendant." In this case, the trial jury was not waived. The defendant did not plead guilty. It is not even clear that the defendant waived the jury for the penalty phase. See Palmes v. State, 397 So.2d 648 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981).
Assuming that the language of section 921.141 permits the waiver of a jury for the penalty phase after a jury has been employed for the guilt phase, the statutory language cannot override the procedural right given to the state in Florida Rule of Criminal Procedure 3.260. That rule clearly specifies that the defendant can only waive trial by jury "with the consent of the State." The legislature has no authority to create a conflicting rule of procedure in section 921.141, Florida Statutes (1987). Only the Florida Supreme Court has the power to adopt rules of practice and procedure for Florida's courts. Art. V, § 2(a), Fla. Const.; Markert v. Johnston, 367 So.2d 1003 (Fla. 1978); Military Park Fire Control Tax Dist. v. DeMarois, 407 So.2d 1020 (Fla. 4th DCA 1981); Johnson v. State, 308 So.2d 127 (Fla. 1st DCA 1975), aff'd, 346 So.2d 66 (Fla. 1977). Rules relating to waiver of jury trial are procedural rather than substantive. State v. Garcia, 229 So.2d 236 (Fla. 1969). Thus, only the supreme court could create a rule overriding rule 3.260. We do not interpret the reference to section 921.141 in Florida Rule of Criminal Procedure 3.780 as a decision by the supreme court to override rule 3.260 during the penalty phase.
We recognize that the constitutionality of section 921.141 has been repeatedly upheld in cases in which defendants argued that the statute unconstitutionally governed practice and procedure. Dobbert v. State, 375 So.2d 1069 (Fla. 1979), cert. denied, 447 U.S. 912, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980); Booker v. State, 397 So.2d 910 (Fla. 1981); Smith v. State, 407 So.2d 894 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2260, 72 L.Ed.2d 864 (1982); Jent v. State, 408 So.2d 1024 (Fla. 1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982); Vaught v. State, 410 So.2d 147 (Fla. 1982). We do not declare the statute unconstitutional. The statute does not prohibit the state's involvement in the waiver of a jury. Thus, we simply interpret the statute consistent with the procedures required by rule 3.260. The trial court must permit the state to present its penalty evidence to a jury, unless the state consents to the waiver of the jury.
Although we recognize this procedure may seem wasteful to the trial court, the advisory jury and the evidence presented to it serve several valid judicial and societal purposes. We do not believe they should be lightly abandoned. Accordingly, we grant the writ of common law certiorari without formal issuance and remand for a penalty phase hearing before an advisory jury in accordance with section 921.141, Florida Statutes (1987).
SCHOONOVER, A.C.J., and FRANK, J., concur.