LETTS, Judge.
The main appeal is per curiam affirmed without comment. However, the state has filed a cross appeal which merits discussion.
Involved is the second phase of a murder trial. The jury here found the defendant guilty of murder in the first degree, but the trial judge stated for the record that he would not impose the death penalty. Upon receipt of that news, the defendant opted to waive jury trial as to the penalty phase of the trial, a waiver not ill-advised considering the brutal, protracted, senseless, torture of the victim.
The question presented is: Can the defense waive trial jury consideration of the penalty phase without the consent of the state and simply have the trial judge conduct the penalty proceedings in their *876 entirety? The trial judge below ruled that the defense could do so, but we disagree and reverse.
Florida Rule of Criminal Procedure 3.260 provides that a defendant can, in writing, waive a jury trial. However, the rule unequivocally declares that this waiver requires “the consent of the State.” As we will more fully discuss hereafter, such consent was not obtained sub judice and we know of no reason why rule 3.260 should not apply equally to the penalty phase. Indeed, the Second District agrees with us and so held in State v. Ferguson, 556 So.2d 462 (Fla.2d DCA 1990).
The defense argues that the state did consent to the penalty phase being conducted without a jury, but while the trial transcript permits of some ambiguity, the bottom line is that no such consent was forthcoming. Excerpted from the record, for example, is the following statement made by the prosecutor:
Judge, I am sorry. I do, prior to proceeding, just want to put on the record and renew my objection to the procedure utilized whereby the defense waive(s) the jury trial on phase two.
There is no way we can conclude from this record that consent was obtained and we must reverse the trial judge’s ruling in this regard and remand for further proceedings on the penalty phase of this trial pursuant to section 921.141(1), Florida Statutes (1989).
The main appeal is affirmed in its entirety.
AFFIRMED IN PART; CROSS APPEAL REVERSED.
GLICKSTEIN, J., and RIVKIND, LEONARD, Associate Judge, concur.