OVERTON, Justice.
This is a petition to review Williams v. State, 573 So.2d 875 (Fla. 4th DCA 1990). The trial court found Williams guilty of first-degree murder. At the penalty phase of the trial, the trial judge stated that he would not impose the death penalty, allowed Williams to waive the jury for the sentencing phase, and sentenced Williams to life in prison without parole for twenty-five years. Williams appealed his conviction, and the State cross appealed the trial judge’s actions in stating he would not impose the death penalty and in allowing Williams to waive the jury in the penalty phase of the trial. The district court affirmed the conviction but agreed with the State on the cross appeal and remanded the case for a new penalty proceeding before a new jury.
We find that the district court’s decision in this case conflicts with Brown v. State, 521 So.2d 110 (Fla.), cert. denied, 488 U.S. 912, 109 S.Ct. 270, 102 L.Ed.2d 258 (1988); Fasenmyer v. State, 457 So.2d 1361 (Fla. 1984), cert. denied, 470 U.S. 1035, 105 S.Ct. 1407, 84 L.Ed.2d 796 (1985); and Troupe v. Rowe, 283 So.2d 857 (Fla.1973),[1] and conclude that the Double Jeopardy Clause contained in the Fifth Amendment to the United States Constitution and article I, section 9, of the Florida Constitution require that the decision of the district court be quashed.
The record reflects that the trial judge stated prior to the penalty phase that
the mitigating circumstances would be such that were I to impose a death penalty on Mr. Williams, it would be reversed. I believe that.
Finally, and it’s my intention at this point to proceed with the sentencing and to sentence him to, under the State law in regards to the penalty for the first degree murder other than the death penalty.
After the judge stated his intent, the state attorney objected to the “procedure by which the defense waives the jury trial on phase two.”
The district court, in ruling for the State on its cross appeal, found that the State had not consented to the waiver of the jury for the penalty phase and held that Florida Rule of Criminal Procedure 3.260 provides that, while a defendant can unilaterally waive a jury trial, “the rule unequivocably declares that this waiver [of the sentencing jury] requires ‘the consent of the State.’ ” Williams, 573 So.2d at 876. The district court did not address the double jeopardy ramifications of its decision, principally be *938 cause they were not presented until Williams petitioned for rehearing. The record in this cause establishes that the jury had been dismissed and Williams had been sentenced to life imprisonment by the trial judge prior to the State’s filing of its cross appeal. Given these circumstances, the State would not have been allowed to appeal the sentencing issue if Williams had not appealed his conviction.
We find that this cause is controlled by our decision in Brown. In that case, the trial judge concluded that he could not impose the death penalty because the United States Supreme Court’s decision in Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), required him to impose a life sentence. The district court affirmed the conviction but found that the trial court had improperly applied the Enmund decision and remanded the cause for a new sentencing proceeding. Brown, 521 So.2d at 111. We quashed that decision, holding that, even though the trial court had improperly applied Enmund, it was error to remand for a new penalty phase proceeding under section 921.141. Id. at 112. We held that, although the ruling of the trial judge was erroneous, it would be a violation of double jeopardy to vacate the life sentence and remand for a resentencing proceeding that could result in the imposition of the death penalty. Id.
As in Brown, even though the trial judge may have made an erroneous ruling concerning the penalty phase, Williams can no longer be put in jeopardy of receiving the death penalty. The Double Jeopardy Clause prevents a new penalty phase proceeding before a new jury that could subject him to an increased penalty. Our decision in this cause is dictated not only by our decision in Brown but also by the United States Supreme Court’s decisions in Arizona v. Rumsey, 467 U.S. 203,104 S.Ct. 2305, 81 L.Ed.2d 164 (1984); Bullington v. Missouri, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981); and United States v. Jom, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971).
For the reasons expressed, we quash that portion of the district court opinion reversing the imposition of the life sentence.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.

. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.