PETERSON, Judge.
The State of Florida seeks a writ of certio-rari to review a non-final pre-sentencing order of the trial court. In the order the court accepted Hernandez’s waiver of a sentencing proceeding before a jury after he entered a guilty plea in a capital murder case. When Hernandez waived the right to a sentencing jury, he specifically acknowledged that the trial court had the discretion to impose a sentence of life imprisonment or the death penalty. The state, in its petition, asserts the trial court was without authority to accept Hernandez’ waiver without the state’s consent. We deny the petition.
The state argues that Florida Rule of Criminal Procedure 3.260 plainly provides that a defendant may waive a jury trial only with the state’s consent. The rule states: “Waiver of Jury Trial. — A Defendant may in writing waive a jury trial with the consent *25 of the state.” The trial court held that section 921.141(1), Florida Statutes (1991) applies and that Hernandez may thereby waive a jury in the penalty phase of his case without the state’s consent.
Section 921.141(1), Florida Statutes, provides in part:

Sentence of death or life imprisonment for capital felonies; further proceedings to determine sentence.

(1) Separate Proceedings on Issue of Penalty. ... if the defendant pleaded guilty, the sentencing proceeding shall be conducted before a jury impaneled for that purpose, unless waived by the defen-dant_
We agree with Hernandez and the trial court that the latter need not obtain the state’s consent in order to accept the waiver.
The trial court reasoned that, because Rule 3.260 appears only under the heading of Chapter IX of the Rules of Criminal Procedure entitled “Trial,” it is applicable only to proceedings contemplated by that chapter and is inapplicable to proceedings in other chapters of the criminal rules. Specifically, the court ruled it is not applicable to Chapter XIV proceedings entitled “Sentencing.” We concur for that reason as well as those stated below.
First, Florida’s rule 3.260, which allows waiver of jury trials by defendants only with the consent of the state, was adopted in 1968 as Rule 1.260. It could not have been contemplated that the rule was also applicable to the sentencing phase of a capital murder case because the legislature did not create the bifurcated procedure set forth in section 921.141(1) until 1972. Prior to 1972, there existed no provision to have a jury impaneled for a separate sentencing proceeding in a capital ease. The fate of a capital defendant found guilty without a jury rested solely with the court. § 921.141, Fla.Stat. (1971); see also § 919.23, Fla.Stat. (1969).
Second, if Rule 3.260 was meant to apply to Chapter XIV sentencings for capital crimes as well as Chapter IX trials, an unintended conflict would arise between the rule and section 921.141. The statute allows waiver of a sentencing jury by a defendant without the state’s consent, while the rule, if interpreted to apply to capital sentencing juries, requires such consent. But the provisions of Chapter XIV Rule 3.780, entitled “Sentencing Hearing For Capital Cases” can only allow the conclusion that Rule 3.260 was never meant to be applicable to a capital sentencing hearing. Rule 3.780 specifically refers to, (and inferentially incorporates) section 921.141, with neither a hint that a conflict existed between any rule of procedure and the statutory provision nor any cross-reference to Rule 3.260. Further, the committee notes specifically indicate that Rule 3.780 was “designed to create a uniform procedure that will be consistent with both section 921.141, Fla.Stat. and State v. Dixon, 283 So.2d 1 (Fla.1973).” Dixon set forth in detail a practical guide for the conduct of the sentencing hearing.
In the absence of any rule or statute allowing the state to insist upon the impaneling of the jury contemplated by section 921.141, when the defendant waived such a jury pursuant to subsection (1) of that statute, we find that the trial judge was correct in refusing to comply with the state’s insistence. If the state is to have the right to impanel an advisory jury in a capital felony case after a defendant has entered an unconditional plea of guilt, to a capital crime, the supreme court by rule, if the matter is procedural, or the legislature by statute, if the matter is substantive, must provide for that right.
PETITION DENIED.
DAUKSCH and COBB, JJ., concur.