645 So.2d 432 (1994)
STATE of Florida, Appellant,
v.
Stephen HERNANDEZ, Appellee.
No. 83548.
Supreme Court of Florida.
November 23, 1994.
*433 Robert A. Butterworth, Atty. Gen. and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for respondent.
WELLS, Justice.
The District Court of Appeal for the Fifth District certified the following question to this Court as one of great public importance. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution:
DOES A TRIAL COURT HAVE THE AUTHORITY TO DISPENSE WITH THE SELECTION OF AN ADVISORY JURY IN THE PENALTY PHASE OF A CAPITAL CASE WITHOUT THE CONSENT OF THE STATE WHEN A DEFENDANT ENTERS A PLEA OF GUILTY, WAIVES AN ADVISORY JURY, AND SPECIFICALLY ACKNOWLEDGES THAT THE TRIAL COURT HAS DISCRETION TO IMPOSE A SENTENCE OF LIFE IMPRISONMENT OR THE DEATH PENALTY?
State v. Hernandez, 633 So.2d 24 (Fla. 5th DCA 1994).
*434 Hernandez entered a plea of guilty in a capital murder case and then waived his right to an advisory jury in the penalty phase. At the time of the waiver, Hernandez specifically acknowledged that he knew the judge had the discretion to impose a life sentence or the death penalty. The court entered an order accepting Hernandez' waiver, and the State objected. The State argued that, pursuant to Florida Rule of Criminal Procedure 3.260, the court did not have the authority to accept the waiver without the State's prior consent. Rule 3.260, which appears under the heading "Trial" in the Rules of Criminal Procedure, provides that a defendant may, in writing, waive a jury trial with the consent of the State.
Based on its interpretation of section 921.141(1), Florida Statutes (1991),[1] the trial court held Hernandez could waive an advisory jury in the penalty phase without the State's consent. The State filed a petition for writ of certiorari seeking review of the trial court's order. The Fifth District Court of Appeal, however, denied the State's petition, reasoning that rule 3.260, formerly rule 1.260, did not apply to the sentencing phase because it was enacted before the legislature separated the guilt and sentencing phases. Hernandez, 633 So.2d at 25. In addition, the Fifth District declined to apply rule 3.260 to the sentencing phase because Florida Rule of Criminal Procedure 3.780, entitled "Sentencing Hearing For Capital Cases," specifically refers to section 921.141 but does not mention rule 3.260 or indicate that rule 3.260 conflicts with that section.[2] The Fifth District later denied the State's motion for rehearing and certified the question above to this Court. We answer the question in the affirmative for the reasons stated below.
First, we concur with the district court's reasoning with regard to rule 3.260. Rule 3.260 appears under the heading of part IX of the Florida Rules of Criminal Procedure entitled "The Trial." It does not appear in part XIV, entitled "Sentencing," and, therefore, it is not applicable to sentencing proceedings.
Furthermore, rule 3.260 was originally created before the adoption of the bifurcated procedure now used in capital cases. As the Fifth District found:
It could not have been contemplated that the rule [3.260] was also applicable to the sentencing phase of a capital murder case because the legislature did not create the bifurcated procedure set forth in section 921.141(1) until 1972. Prior to 1972, there existed no provision to have a jury impaneled for a separate sentencing proceeding in a capital case. The fate of a capital defendant found guilty without a jury rested solely with the court. § 921.141, Fla. Stat. (1971); see also § 919.23, Fla. Stat. (1969).
Hernandez, 633 So.2d at 25.
The Fifth District's decision is consistent with our past decisions on this issue. We have continually recognized that where a defendant has been convicted of a capital crime, he may waive his right to a jury in the *435 sentencing phase, provided the waiver is voluntary and intelligent. See Palmes v. State, 397 So.2d 648 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981); Holmes v. State, 374 So.2d 944 (Fla. 1979), cert. denied, 446 U.S. 913, 100 S.Ct. 1845, 64 L.Ed.2d 267 (1980); State v. Carr, 336 So.2d 358 (Fla. 1976); Lamadline v. State, 303 So.2d 17 (Fla. 1974). We have also recognized that a trial judge may require a jury recommendation notwithstanding the defendant's waiver. See Sireci v. State, 587 So.2d 450 (Fla. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1500, 117 L.Ed.2d 639 (1992); Palmes, 397 So.2d at 656; Carr, 336 So.2d at 359. Our recognition of the trial court's authority to dispense with the advisory jury in the sentencing phase of a capital case upon the voluntary and express waiver of the defendant comports with the general purpose of the advisory jury. See State v. Dixon, 283 So.2d 1 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974). If the defendant, for whatever reason, decides that the trial judge alone should determine the sentence based upon evidence presented in the penalty phase and the court accepts the defendant's waiver, neither the statute nor court procedure authorizes the State to compel the trial judge to consider the advice of a jury.
In support of its position, the State relies upon State v. Ferguson, 556 So.2d 462 (Fla. 2d DCA), review denied, 564 So.2d 1085 (Fla. 1990). We hereby reject that portion of Ferguson which is not in accord with this opinion. We point out, however, that the Second District noted it was not clear whether Ferguson waived his right to a jury in the penalty phase. Accordingly, Ferguson's waiver should have been rejected because there was no clear indication that his waiver was voluntarily and intelligently made. Furthermore, we agree with the district court's conclusion in Ferguson regarding the presentation of evidence in the penalty phase. The trial judge, without hearing any additional evidence, decided he would not be authorized to sentence the defendant to death and that, consequently, a sentencing jury was unnecessary. The district court determined that the trial court did not have the authority to decide the death penalty was unwarranted before both parties presented evidence as to aggravating and mitigating circumstances. We emphasize, however, that the absence of an advisory jury does not preclude the State from presenting evidence of aggravating and mitigating circumstances to the sentencer.
Similarly, our decision in Williams v. State, 595 So.2d 936 (Fla. 1992), should not be read to hold that the State must consent to the defendant's waiver. In Williams, the defendant was found guilty of first-degree murder. The judge stated that he would not impose the death penalty, allowed the defendant to waive the jury for the sentencing phase, and sentenced Williams to life in prison. Williams appealed and the State cross-appealed, claiming the trial court erred in allowing Williams to waive the jury in the penalty phase without the State's consent. While the district court found that the defendant could not waive a jury trial in the penalty phase without the State's consent and remanded for a new penalty phase, this Court did not decide the waiver issue. We only concluded that the double jeopardy clause prevented the district court from requiring a new penalty-phase proceeding. Whether the defendant alone may waive an advisory jury in the penalty phase of a capital case is the issue currently before us and we hold that the State's consent is not required.
For the reasons stated, we conclude that section 921.141 is not a statutory override of rule 3.260. Accordingly, we approve the Fifth District's decision in Hernandez and disapprove Ferguson to the extent it is inconsistent with this decision.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
NOTES
[1] Section 921.141(1), Florida Statutes (1991), provides in part:

Upon conviction or adjudication of guilt of a defendant of a capital felony, the court shall conduct a separate sentencing proceeding to determine whether the defendant should be sentenced to death or life imprisonment as authorized by s. 775.082. The proceeding shall be conducted by the trial judge before the trial jury as soon as practicable. If, through impossibility or inability, the trial jury is unable to reconvene for a hearing on the issue of penalty, having determined the guilt of the accused, the trial judge may summon a special juror or jurors as provided in chapter 913 to determine the issue of the imposition of the penalty. If the trial jury has been waived, or if the defendant pleaded guilty, the sentencing proceeding shall be conducted before a jury impaneled for that purpose, unless waived by the defendant.
[2] Rule 3.780 provides:

(a) Evidence. In all proceedings based on section 921.141, Florida Statutes, the state and defendant will be permitted to present evidence of an aggravating or mitigating nature, consistent with the requirements of the statute. Each side will be permitted to cross-examine the witnesses presented by the other side. The state will present evidence first.
(b) Rebuttal. The trial judge shall permit rebuttal testimony.
(c) Argument. Both the state and the defendant will be given an equal opportunity for argument, each being allowed one argument. The state will present argument first.