850 So.2d 485 (2003)
Thomas C. THIBAULT, Appellant,
v.
STATE of Florida, Appellee.
No. SC01-2508.
Supreme Court of Florida.
June 26, 2003.
Mark Wilensky of Dubiner & Wilensky, P.A., West Palm Beach, FL, for Appellant.
Charles J. Crist, Jr., Attorney General, and Debra Rescigno, Assistant Attorney General, West Palm Beach, FL, for Appellee.
PER CURIAM.
This is an appeal from death sentences imposed on Thomas Thibault after he pled guilty to three counts of first-degree murder. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. Because the record fails to reflect that Thibault expressly waived his right to a jury for the penalty phase, we are compelled to reverse the sentences of death based on our longstanding precedent in Lamadline v. State, 303 So.2d 17 (Fla.1974).[1]
Thibault entered an open plea to the three murder counts and one count of armed robbery, with no agreement as to the sentence. The validity of that guilty plea, entered after a full and complete plea colloquy, is not before us. At the time of the entry of the guilty plea, the trial court, *486 prosecutor, and defense counsel discussed Thibault's right to a jury advisory sentence during the penalty phase:
MS. SKILES (PROSECUTOR): ...
[M]y understanding of what the defense is hoping to do here today is that the defendant is going to plead guilty and then we will come back for an allocution hearing and then for Your Honor without a jury, to make the determination about what the sentence would be.
....
THE COURT: All right.
And also with both lawyers, I want your response to this: He is, I am sure, legally entitled to a full phase two trial with or without a jury. And is he waiving that day or does he want that? Has that been discussed by the lawyers; and have you discussed it with the client? That is a whole bunch of questions, I realize.
....
MR. GARCIA (DEFENSE ATTORNEY): I have had quite a few conversations with Mr. Thibault over the course of the last two weeks. We have discussed many issues, one being obviously if we were to go forward with just entering a plea of guilty to the Court, we would have the right to either have a phase two with or without a jury; and it was my understanding that we would be requesting a phase two hearing with just Your Honor.
And we have been over this and discussed this. Mr. Massa [phase two counsel] is relatively new to this case, as far as the preparations he would need to make to be prepared for phase two. I believe he has been on vacation probably no more than a month. I think a month is probably even stretching it.

So this would be a decision that the three of us would make at some point in time, but I have had preliminary discussions with Mr. Thibault. This is something we had already decided we will go forward and do, if it comes down to that.
(Emphasis supplied.) Thibault appeared for status checks and scheduling conferences on six occasions between the change-of-plea hearing and the commencement of the penalty phase on May 30, 2001. There was no discussion of the waiver of a penalty-phase jury during any of these proceedings, including the penalty-phase hearing itself. The trial court sentenced Thibault to death for each of the murders, and imposed a sentence of life imprisonment for the armed robbery.
Section 921.141(1), Florida Statutes (2002), governs the procedure to be followed in the penalty phase of a capital trial. It provides, in pertinent part: "If the trial jury has been waived, or if the defendant pleaded guilty, the sentencing proceeding shall be conducted before a jury impaneled for that purpose, unless waived by the defendant." In 1974, shortly after the enactment of section 921.141, this Court stated that the defendant's right to a penalty-phase jury is

an essential right of the defendant under our death legislation, though it may be waived. The question before this Court is whether the appellant has waived this right. We cannot presume a waiver where the record is silent, Boykin v. Alabama, [395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) ]; Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); and the failure to either object or request the jury sentencing procedure cannot constitute such a waiver. We hold that the record must affirmatively show that the defendant voluntarily and intelligently waived the right to have a sentencing jury render its opinion on the appropriateness of the death penalty, granted him by the express provision of § 921.141, F.S.
*487 Lamadline, 303 So.2d at 20 (emphasis supplied). In Lamadline, we vacated the sentence of death because there was no express waiver of the advisory jury. Id.
The exchange between the trial court and the attorneys for the State and Thibault during the August, 2000, change-of-plea hearing does not meet the threshold established in Lamadline for the existence of a waiver of the right to a penalty-phase jury. Consistent with Lamadline, we cannot presume a waiver from a record that contains nothing more definitive than a representation by counsel that the defense anticipated waiving a penalty-phase jury but that no final decision had been made. In so holding, we distinguish our decision in Holmes v. State, 374 So.2d 944 (Fla.1979), in which we concluded that "an expressed waiver by counsel in the presence of the defendant ... was sufficient." Id. at 949 (emphasis supplied). Here, unlike Holmes, the exchange between defense counsel and the trial court during the change-of-plea hearing did not establish an express and unequivocal waiver of the right to a penalty-phase jury.
The State, relying on Griffin v. State, 820 So.2d 906 (Fla.2002), asserts that Thibault did not preserve this error for appeal by first raising it in the trial court. In Griffin, we held that a challenge to the voluntariness of a defendant's waiver of the right to a penalty-phase jury must be preserved in the trial court through a motion to withdraw the waiver. See id. at 913; see also Spann v. State, 28 Fla. L. Weekly S293, S295, ___ So.2d ___, 2003 WL 1740646 (Fla. April 3, 2003) (relying on Griffin to hold that a challenge to the waiver of the sentencing jury was not preserved for appeal because Spann did not move to withdraw the waiver).
We disagree with the State, and hold that Lamadline, rather than Griffin, controls in this situation. Although Griffin requires a defendant to first challenge the voluntariness of a waiver of the advisory jury in the trial court before the issue is raised on appeal, this obligation applies only when an express waiver has been made. Griffin does not compel a defendant who has not waived the penalty-phase jury to either move to withdraw the nonexistent waiver or to object to the absence of a jury during the penalty phase.[2]
Accordingly, we are constrained by Lamadline, 303 So.2d at 17, to reverse Thibault's death sentences and remand for a new penalty phase before a jury unless the defendant knowingly and intelligently waives that right.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] Our disposition of that issue renders Thibault's remaining claim moot.
[2] We note that in Griffin, we requested the Florida Bar Criminal Procedure Rules Committee to propose a rule to guide trial judges during a colloquy on a defendant's waiver of the right to a sentencing jury. See 820 So.2d at 913 n. 9. An on-the-record colloquy between the court and the defendant would have prevented the error necessitating reversal of the death sentences in this case.